Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

**Archie L. BUSH, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 88–3.**

United States District Court,
W.D. Pennsylvania.

July 27, 1988.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff appeals from the Secretary's dismissal of his application for disability benefits for plaintiff's failure to appear at a hearing before the ALJ. The Secretary has moved to dismiss this action, challenging the court's jurisdiction.

Plaintiff filed applications for Social Security Disability benefits and Supplemental Security Income benefits. After having his claim denied at the initial stages, plaintiff requested a hearing before the ALJ. The hearing was scheduled and then postponed for 6 weeks at the request of plaintiff's counsel who needed more time to prepare.

On June 11, 1987 the ALJ sent a notice to plaintiff and his counsel rescheduling the hearing for July 1, 1987. This notice included a form entitled "Acknowledgement of Notice of Hearing" which was to be completed by the addressee and returned to the Hearing Office.

This is where the parties diverge on the facts. The Social Security Hearing Office

received an Acknowledgement from plaintiff on June 18, 1987 indicating that plaintiff *would* be able to attend the scheduled hearing. Plaintiff contends that his counsel returned a separate Acknowledgement contradicting the one returned by plaintiff. On that form counsel allegedly advised the Hearing Office that plaintiff was *unable* to travel to Meadville and therefore requested that the hearing be held in Erie. The Social Security office does not have this Acknowledgement in its files and there is no record of its receipt. Apparently there is no existing copy of the document.

When plaintiff and his counsel failed to appear at the appointed time the ALJ issued an order to show cause. This order specifically advised plaintiff and his counsel that if good cause were not shown for their failure to attend the hearing, plaintiff's applications would be dismissed. Plaintiff and his counsel did not respond. On July 31, 1987, a month after the scheduled hearing and 25 days after issuance of the show cause order, the ALJ dismissed plaintiff's claims.

With the horse out the door, counsel acted quickly. On August 3, 1987 plaintiff's counsel requested that the Appeals Council review the ALJ's dismissal order. In this document plaintiff alleged for the first time the existence of the second Acknowledgement. On November 3, 1987 the Appeals Council denied the request for review, noting that plaintiff and his counsel had failed to respond to the ALJ's show cause order, and finding no evidence to bear out the bald assertions of plaintiff and his counsel as to the existence and mailing of the second Acknowledgement. This appeal followed.

Our jurisdiction is strictly limited to that conferred on us by the Social Security Act. 42 U.S.C. § 405(g). Section 405(g) permits appeal to the District Court only when the claimant has received a "final decision of the Secretary made after a hearing to which he was a party." Regulations define "final decision of the Secretary" as a decision by the Appeals Council either reviewing or denying review of the ALJ's decision after a hearing on the merits. 20 CFR § 404.940, § 404.951.

The Secretary argues that because there was no hearing in this case, there could be no "final decision by the Secretary" within the meaning of the Act, and therefore this court has no jurisdiction in this action. There is no doubt that a "final decision ... made after a hearing" is a jurisdictional prerequisite. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Weinberger v. Salfi*, 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1972).

In *Sanders*, the Court held that § 405(g) did not confer jurisdiction over an appeal from the Secretary's refusal to reopen a prior application, even in the face of alleged abuse of discretion. The Act did not require a hearing on a petition to reopen and so no appeal could be taken to the District Court denying a petition to reopen.

The same is true in the present case. The Act did not require the Appeals Council to hold a hearing on plaintiff's request for review of the ALJ's dismissal order. In fact plaintiff's request of the Appeals Council is most closely analogous to a petition to reopen. Of course the ALJ held no hearing because plaintiff failed to respond to the order to show cause. Without a hearing required by the Act, the Secretary's decision, though final, is not one which may be appealed to the District Court under § 405(g). See also, *Giacone v. Schweiker*, 656 F.2d 1238 (7th Cir.1981).

We should note that the result may have been different if plaintiff had promptly responded to the order to show cause. However, that issue is not before us and we make no judgment on it.

Finally, we note one exception to the jurisdictional limitation of § 405(g). If a claimant raises a constitutional challenge which is entirely collateral to his claim of entitlement, judicial review may still be possible. See, *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) *Giacone*, 656 F.2d at 1243. For example, claimant may raise a due process claim. E.g. *Giacone*. In the present case plaintiff has not explicitly asserted such a claim, but in any event plaintiff's failure to respond to

the show cause order would defeat any claim of denial of due process. Plaintiff had process available and failed to use it.

For the reasons stated, the Secretary's Motion to Dismiss will be granted.