United States Court of Appeals,

Fifth Circuit.

No. 91–8078

Summary Calendar.

Donald BRANDYBURG, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

April 29, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before GARWOOD, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Donald Brandyburg (Brandyburg) applied for supplemental security income (SSI) disability benefits under Title XVI of the Social Security Act. His application was denied, and, after he failed to attend a scheduled hearing before an administrative law judge (ALJ), the ALJ dismissed his request for a hearing. Brandyburg filed this suit in district court challenging the dismissal. The district court dismissed the complaint on the ground that the ALJ's dismissal did not constitute a "final decision" within the meaning of 42 U.S.C. § 405(g), and the court therefore lacked subject matter jurisdiction. Brandyburg brings this appeal. We affirm.

**Facts and Proceedings Below**

On October 5, 1987, Brandyburg filed an application for SSI disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* This application was denied initially and upon reconsideration. On May 16, 1988, he filed another claim for SSI disability benefits that was denied by notice dated July 13, 1988. On October 10, 1988, he again filed a claim for benefits. This third claim was denied initially on December 8, 1988 and upon reconsideration on January 16, 1989.

On January 31, 1989, Brandyburg requested a hearing by an ALJ. On March 30, 1989, he

was notified that the hearing had been set for May 4, 1989. He promptly returned an acknowledgement card indicating that he would attend the scheduled hearing. On May 1, 1989, however, he wrote to the ALJ informing him that he would be unable to attend because his wife was having heart surgery on the hearing date. He was notified that his hearing would be rescheduled, and on July 17, 1989, he was sent a notice informing him that his hearing had been set for August 4, 1989. He again promptly returned the acknowledgement card, this time indicating that he would not be able to attend because of a previously scheduled medical examination. The hearing was rescheduled a second time, and Brandyburg was advised by a notice dated September 7, 1989 that the new hearing date was September 27, 1989. The three hearing notices sent to Brandyburg each contained (in progressively larger type) the following warning: "If you do not appear at the scheduled hearing and I find that you do not have good cause for not appearing, I may dismiss your request for hearing without further notice."

On September 20, 1989, having not received Brandyburg's acknowledgement of the September 7th notice, the Social Security Administration (SSA) sent him a letter reminding him of the hearing and repeating the above warning. Brandyburg obtained the services of an attorney to assist him in his disability claim on September 22, 1989. His attorney called the ALJ's office that afternoon to request a continuance, but was told that a continuance could not be granted because a vocational expert had been hired for the hearings that day. She was also informed, however, that the ALJ would consider holding open the record to allow the presentation of post-hearing evidence, if cause was shown. She followed her telephone call up with a letter on September 22, 1989 stating that, because she had just been retained that day, she did not have adequate time to prepare Brandyburg's case or to prepare to cross-examine the vocational expert. She wrote to the ALJ again on September 25, 1989, reiterating her request and adding that she had a previously scheduled arbitration hearing on the afternoon of September 27th. On September 27, 1989, neither Brandyburg nor his attorney appeared at the hearing. The foregoing facts are undisputed. On November 11, 1989, the ALJ entered an order dismissing the request for a hearing, finding that Brandyburg had been

fully advised of his right to counsel and had been given every opportunity to pursue it, but had through his conduct waived it or caused it to be outweighed by the government's need to effectively administer the hearings process. The ALJ also found that Brandyburg had been appropriately notified of the hearing and of the fact that his request for hearing was subject to dismissal if he failed to appear, and that Brandyburg had failed to appear at the hearing without good cause. Dismissal of the request for hearing left in effect as the final order of the Secretary of Health and Human Services (the Secretary) the January 16, 1989 reconsideration denial of Brandyburg's third claim for benefits.

On November 21, 1989, Brandyburg filed a request for review of the ALJ's order of dismissal by the Appeals Council. The Appeals Council denied this request by a letter dated June 21, 1990.

On August 17, 1990, Brandyburg commenced this action in district court under 42 U.S.C. § 405(g), requesting review of the decision of the Secretary to dismiss his request for a hearing. The Secretary filed a motion to dismiss the complaint, arguing that the court lacked jurisdiction because Brandyburg had failed to exhaust his administrative remedies and there had been no "final decision" of the Secretary within the meaning of section 405(g). The Secretary contended that there is a "final decision" only when the Appeals Council is asked to review the decision of an ALJ made after a hearing. Because there was no hearing before an ALJ in this case, the Secretary argued, there was no decision subject to judicial review under section 405(g). The district court granted the Secretary's motion on January 18, 1991. Brandyburg brings this appeal (1) challenging the district court's dismissal of his case as a denial of equal protection of the law; (2) contending that the dismissal of his administrative hearing request was arbitrary and capricious; and (3) arguing that he was denied his right to legal representation in his proceedings before the SSA.

**Discussion**

I. The Administrative Appeals Process

A brief overview of the administrative mechanism for processing SSI claims is a necessary

predicate to our discussion of the legal question presented here. The first step for a claimant who is dissatisfied with the initial determination of his entitlements is to make a written request for reconsideration within sixty days after being notified of the original determination. 20 C.F.R. §§ 416.1407, 416.1409(a). The SSA will provide reconsideration through either a case review, formal or informal conference, or a disability hearing. *Id.* § 416.1413. If still dissatisfied, the claimant may request a hearing before an ALJ, *id.* § 416.1407, where the claimant has the right to appear in person, submit new evidence, examine the evidence used in making the determination at issue, and present and question witnesses, *id.* § 416.1429. The ALJ issues a written decision giving findings of fact and the reasons for the decision. *Id.* § 416.1453. This decision is binding on all parties to the hearing unless, *inter alia,* (1) a party requests a review of the decision by the Appeals Council within the stated time period, and the Appeals Council reviews the case, or (2) a party requests review of the decision by the Appeals Council within the stated time period, the Appeals Council denies the request for review, and the party seeks judicial review by filing an action in district court. *Id.* § 416.1455.

An ALJ "may" also dismiss a request for a hearing under certain circumstances, including the failure, without good cause, of the claimant or his representative to appear at a hearing after they have been notified that their failure to appear will subject them to dismissal without further notice. *Id.* § 416.1457(b)(1). Such a dismissal is binding unless it is vacated by an ALJ or the Appeals Council. *Id.* §§ 416.1459, 416.1460. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision itself or remand the case to the ALJ. *Id.* § 416.1467. "The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised." *Id.* § 416.1481. Any determination during the administrative process may be reopened (1) within 12 months, for any reason; (2) within two years, if good cause is shown; or (3) at any time, if the determination was obtained by fraud. *Id.* §§ 416.1487–.1488.

The provisions of the Social Security Act authorizing and limiting judicial review read as

follows:

## "(g) Judicial review

Any individual, after any final decision of the Secretary *made after a hearing to which he was a party* ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow....  As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and the decision complained of are based.  The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.  The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....

## (h) Finality of Secretary's decision

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing.  *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.*  No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(g), (h) (emphasis added).

II. "Final Decision" Under Section 405(g)

The Supreme Court has stated that section 405(g) "clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing.' "  *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).  Accordingly, the Court held that a decision not to reopen a prior final determination, since the decision could be made without a hearing, was not reviewable by the federal courts unless the claimant challenged the Secretary's action on constitutional grounds.  *Id.*  This Circuit has applied *Sanders* to hold that a denial of a claimant's request for an extension of time to seek judicial review was not reviewable, *McCall v. Bowen,* 832 F.2d 862, 863 (5th Cir.1987), and likewise that a denial of an extension of time to seek Appeals Council review of an ALJ decision was not reviewable, *Harper v. Bowen,* 813 F.2d 737, 743 (5th Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987).

This appeal presents the question, apparently one of first impression in this Circuit,[1] of

---

[1]To our knowledge, the only case in which a court of appeals has addressed this question is *Doe v. Secretary of Health and Human Services,* 744 F.2d 3 (1st Cir.1984) (per curiam), where

whether the same result applies when an ALJ dismisses a request for a hearing based on the claimant's failure to appear. Although we are not convinced, as the Secretary argues, that *Sanders, McCall,* and *Harper* are completely dispositive of the question, we agree that those cases provide the starting point.

The *Sanders* Court was driven, at least in part, by a recognition that permitting judicial review of a request for reopening a case would create a simple path for evading section 405(g)'s sixty-day limitation on judicial review of the Secretary's decisions. *Sanders,* 97 S.Ct. at 986. The Court decided that because the district court's jurisdiction is invoked only after a claimant has complied with all of the requirements of the administrative review process, including the sixty-day period for filing a civil action at the conclusion of the process, decisions such as whether to reopen a case—thus effectively waiving the sixty-day limitations period—are antecedent to the court's involvement and are committed to the discretion of the Secretary. *McCall, Harper,* and other cases to which the Secretary refers us extend this principle to the limitation periods prescribed by regulation for the four-stage appeals process for SSI claims and for old-age, survivors', or disability insurance claims.[2] The regulations impose sixty-day limitation periods on each stage: on seeking reconsideration (20 C.F.R. § 416.1409(a)), on requesting a hearing before an ALJ (*id.* § 416.1433(b)), on requesting Appeals Council review (*id.* § 416.1468(a)), and on bringing suit (*id.* § 416.1481).[3] Furthermore, each limitation period may be extended if good cause is shown, *see id.* §§ 416.1409(b), 416.1433(c),

the First Circuit held that a dismissal for failure to appear is unreviewable. Among the district courts, some have agreed with this conclusion, *see, e.g., Bush v. Bowen,* 690 F.Supp. 417, 418 (W.D.Pa.1988); *Plagianos v. Schweiker,* 571 F.Supp. 495, 497 (S.D.N.Y.1983); *cf. Hines v. Bowen,* 671 F.Supp. 10, 11 (D.N.J.1987) (finding a colorable constitutional claim that preserved jurisdiction under *Sanders,* but apparently assuming that the dismissal would otherwise be unreviewable), but others have not, *see, e.g., Crumble v. Secretary of Health and Human Servs.,* 586 F.Supp. 57, 58–60 (E.D.N.Y.1984); *Beckham v. Schweiker,* 557 F.Supp. 137, 139–40 (S.D.Ohio 1982).

[2]Old-age, survivors, or disability insurance claims are governed by 20 C.F.R. pt. 404, rather than part 416, which applies to requests for SSI. Part 404 has the same four-stage appeals process, however, and the counterparts to the provisions relevant here are essentially identical.

[3]The counterpart provisions in Part 404 are 20 C.F.R. §§ 404.909(a), 404.933(b), 404.968(a), 404.981.

416.1468(b), 416.1482, with the standards for determining whether good cause exists set forth in 20 C.F.R. § 416.1411. Courts have been virtually unanimous in holding, as we did in *McCall* and *Harper,* that these determinations of whether to extend for cause the limitation periods prescribed by regulation are not "final decisions" within the meaning of section 405(g) and are hence unreviewable.[4]

The Secretary here urges us to put a dismissal by an ALJ for failure to appear at a scheduled hearing on the same footing. Bearing in mind that "administrative exhaustion should be applied with a regard for the particular administrative scheme at issue" and that "final decision" is not defined in the Social Security Act but "its meaning is left to the Secretary to flesh out by regulation," *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975), we initially note that the regulations offer less direct support for the step urged by the Secretary here than they did for our holdings in *McCall* and *Harper.* 20 C.F.R. § 416.1403 lists a number of agency actions that are not initial determinations and thus are not subject to the administrative review process described above or to judicial review. Among those actions is "[d]enying your request to extend the time period for requesting review of a determination or a decision." *Id.* § 416.1403(a)(8).[5] In *Harper* we relied upon that provision, concluding that it brought the case within the *Sanders* principle that "where the regulations prohibit it, there is no judicial review." *Harper,* 813 F.2d at 743.

There is no comparable regulation expressly reserving the challenged action here—dismissal

---

[4]As to the time limit for seeking reconsideration, see *Giacone v. Schweiker,* 656 F.2d 1238, 1241–43 (7th Cir.1981). As to the time limit for seeking an ALJ hearing, *see, e.g., Penner v. Schweiker,* 701 F.2d 256, 260 (3d Cir.1983); *Watters v. Harris,* 656 F.2d 234, 238–39 (7th Cir.1980); *White v. Schweiker,* 725 F.2d 91, 93–94 (10th Cir.1984). As to the time limit for seeking Appeals Council review, see, *e.g., Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983); *Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir.1986); *Smith v. Heckler,* 761 F.2d 516, 518–19 (8th Cir.1985); *Matlock v. Sullivan,* 908 F.2d 492, 493 (9th Cir.1990). *But see Bloodsworth v. Heckler,* 703 F.2d 1233, 1237 (11th Cir.1983). As to the time limit for filing suit, see, *e.g., Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir.1988) (per curiam); *Peterson v. Califano,* 631 F.2d 628, 629–31 (9th Cir.1980); *Dozier v. Bowen,* 891 F.2d 769, 771 (10th Cir.1989); *Stone v. Heckler,* 778 F.2d 645, 648–49 (11th Cir.1985).

[5]The counterpart provision in Part 404 is 20 C.F.R. § 404.903(j).

of a hearing request by an ALJ for failure to appear—to the Secretary's discretion. Indeed, dismissals by an ALJ are specifically made subject to review by the Appeals Council, 20 C.F.R. §§ 416.1459, 416.1467, and in the normal case denials of review by the Appeals Council make the underlying decision of the ALJ final and subject to judicial review, *id.* § 416.1481.[6]

Nevertheless, we are persuaded that under *Sanders* the Secretary's construction of section 405(g) is the correct one, and that the regulations taken as a whole support that result. The *Sanders* Court relied upon the literal wording of the statute, which limits reviewable agency action to "final decision[s] of the Secretary made after a hearing," and upon the absence in the Social Security Act of any guarantee of a hearing on a petition to reopen a prior final decision. *Sanders,* 97 S.Ct. at 986. The Court noted that the opportunity to reopen cases and any hearing convened pursuant to such a request were afforded by the Secretary's regulations, not the Social Security Act. *Id.* We have stated the holding of *Sanders* to be that "section 405(g) referred to decisions where a hearing was mandatory, not discretionary." *Harper,* 813 F.2d at 741; *see also Watters v. Harris,* 656 F.2d 234, 239 n. 10 (7th Cir.1980).

It is clear that the Social Security Act does not mandate a hearing to consider the appropriateness of dismissal prior to a hearing on the merits of an individual's disability claim—indeed, such a requirement would essentially make dismissal pointless. However, this cannot end application of the *Sanders* test here. Unlike a request to reopen a prior final decision, where both the relief sought by the claimant and the grant of a hearing were discretionary, here the claimant's request is to have his hearing before the ALJ, and that right *is* conferred by statute. *See* 42 U.S.C. § 405(b)(1). Therefore we must also inquire whether the practice of pre-hearing dismissals violates the statute. Section 405(b)(1) guarantees any individual against whom an unfavorable determination

---

[6]By contrast, the proper response by the Appeals Council to an untimely request for review is *dismissal* rather than *denial,* 20 C.F.R. § 416.1471; the *dismissal* of a request for Appeals Council review is "binding and not subject to further review," *id.* § 416.1472. *See also Matlock v. Sullivan,* 908 F.2d 492, 494 (9th Cir.1990) (distinguishing between dismissals and denials).

of disability has been made "reasonable notice and opportunity for a hearing." (emphasis added) The SSA must, like any agency, adopt procedures for fairly accommodating each claimant's desire for detailed review of his case with all claimants' and society's interest in an efficient system. Section 405 recognizes that necessity and gives the Secretary discretion to do so by guaranteeing a reasonable opportunity for a hearing, rather than guaranteeing a hearing absolutely.

We are also cognizant, though, of the danger that holding pre-hearing dismissals to be unreviewable might create a situation in which an ALJ could insulate his own arbitrary denials of hearings from scrutiny and thus undermine even the statutory right to a reasonable opportunity for a hearing. Here we are not presented with such a case, however. For SSI claims (and for old-age, survivors', and disability insurance claims under 20 C.F.R. pt. 404), the Secretary has explicitly defined the range of the ALJ's discretion in dismissing cases. The regulations provide that an ALJ "may" dismiss a hearing request in certain specified circumstances. 20 C.F.R. § 416.1457. Before the ALJ can even make a determination whether to dismiss a hearing request, one of a limited number of situations listed in section 416.1457 must exist. As noted above, these include the failure of a party or his representative to appear at a hearing after having been notified that their failure to do so would subject them to dismissal without further notice. *Id.* § 416.1457(b)(1). And, in such an instance the ALJ must also find (as he did here) there was not "good cause" for the failure to appear. *Id.* Dismissal is also authorized if cause is found because a previous determination on the same facts has become final, barring the present claim under the doctrine of *res judicata, id.* § 416.1457(c)(1), or if the claimant has not gone through the required prior steps in the review process, namely the request and receipt of a reconsidered determination, *id.* § 416.1457(c)(2), or if the claimant did not request a hearing within sixty days of his notice of the previous determination, and no good cause was found for extending the period, *id.* § 416.1457(c)(3). Secti on 416.1457(b)(1) does not give rise to the danger of a completely arbitrary dismissal that is beyond the power of the courts to correct. Brandyburg, for instance, could have removed himself from the reach of section 416.1457(b)(1) simply by appearing at his hearing. If the ALJ had proceeded to make a benefits determination

adverse to Brandyburg and he felt that he was prejudiced by lack of time to prepare or lack of assistance of counsel, he would have had standing to make these arguments to the Appeals Council and, if the Appeals Council disagreed, to a federal court. The authorization of dismissals in section 416.1457(b)(1) is therefore not inconsistent with the statute's guarantee of an opportunity for a hearing. And at least where, as here, the claimant does not allege any facts showing a *violation* of the regulation's requirements (*e.g.,* that the ALJ dismissed in a situation not authorized by the regulations or that he failed to give the claimant the required notice[7]), but merely objects to the ALJ's determination to dismiss the request for hearing, a district court's refusal to accept jurisdiction also does not undermine the statutory guarantee.[8]

We now return to the provision of the regulations indicating that upon denials of review by the Appeals Council the underlying ALJ decision may be challenged by filing an action in district court. 20 C.F.R. § 416.1481. Although our holding here requires us to read "if otherwise reviewable" into this provision, that construction is warranted by *Sanders* and by prior decisions of this Circuit. *Sanders* was explicit in holding that section 405(g) only authorizes judicial review when there is a hearing, so we must read section 416.1481 in light of section 405(g) as construed in *Sanders.* Moreover, we and other circuits have held that district courts lack jurisdiction to review other types of dismissals under section 416.1457. For example, an ALJ's dismissal of a claimant's case on *res judicata* grounds (*see* 20 C.F.R. § 416.1457(c)(1)) is unreviewable absent a colorable constitutional claim. *Hensley v. Califano,* 601 F.2d 216 (5th Cir.1979) (per curiam); *accord Matos*

---

[7]*See Howard v. Heckler,* 661 F.Supp. 654, 656–57 (N.D.Ill.1986).

[8]Brandyburg does not claim, and nothing in the record suggests, either that he was not able (for any reason) to appear at the hearing, or that he had not actually received adequate notice of it (and that failure to appear could result in dismissal without further notice), or that his failure to appear was other than knowing and voluntary. Thus, we do not address a situation where, for example, a claimant does not appear because he suffered a heart attack on the way to the hearing or was unaware of the hearing date (as when a properly sent notice was, due to no fault of the claimant, never received). Indeed, Brandyburg does not claim that he had good cause for failing to appear, as such, at the hearing; rather, his claim is that it was arbitrary and capricious of the ALJ to have denied his request for a postponement and to have dismissed his request for a hearing because he thereafter failed to appear.

*v. Secretary of Health, Education and Welfare,* 581 F.2d 282, 285–86 (1st Cir.1978); *Stauffer v. Califano,* 693 F.2d 306, 307 (3d Cir.1982); *Brown v. Harris,* 669 F.2d 911, 912–13 (4th Cir.1981); *Holland v. Heckler,* 764 F.2d 1560, 1561 (11th Cir.1985) (per curiam). Likewise, the cases holding that denials of requests for extensions of time in which to request an ALJ hearing are unreviewable also hold, *a fortiori,* that the ALJ's pre-hearing dismissal for untimeliness (*see* 20 C.F.R. § 416.1457(c)(3)) is unreviewable. *See Penner v. Schweiker,* 701 F.2d 256, 260 (3d Cir.1983); *White v. Schweiker,* 725 F.2d 91, 93 (10th Cir.1984). Denials of review by the Appeals Council of these decisions do not create federal jurisdiction, and it is sensible that the various forms of dismissal in section 416.1457 be treated similarly. Indeed, even if the ALJ makes a determination on the merits, and the Appeals Council *grants* review and decides that the request for hearing should have been dismissed, either on *res judicata* grounds or for lack of good cause for untimeliness of the hearing request, federal courts lack jurisdiction to review the dismissal. *Ellis v. Schweiker,* 662 F.2d 419, 419–20 (5th Cir.1981) (*res judicata* ); *White,* 725 F.2d at 93–94 (failure to show good cause for delay in requesting ALJ hearing). These cases show that it is the fact of dismissal on procedural grounds at the administrative stage, not the form of the Appeals Council's decision, that deprives the district court of jurisdiction under section 405(g).

For these reasons, we conclude that the district court was correct in its holding that the ALJ's dismissal of Brandyburg's request was not a "final decision" subject to judicial review under section 405(g). We therefore do not reach Brandyburg's contention that the ALJ's dismissal was arbitrary and capricious.

III. Constitutional Claims

Having so concluded, we must affirm the district court's dismissal unless Brandyburg has raised a colorable constitutional claim. *See Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). The record makes it apparent that Brandyburg's claim is, and can at most be, that the ALJ's dismissal constituted an abuse of discretion under the facts rather than that there was

no arguable basis whatever for his ruling or that it was motivated by or based on any constitutionally (or, indeed, otherwise legally) impermissible consideration. Brandyburg's claim that he was denied the right to legal representation does not rise to the level of a constitutional challenge. The Supreme Court has never recognized a constitutional right to counsel at an SSA hearing. *Clark v. Schweiker,* 652 F.2d 399, 403 (5th Cir.1981). Brandyburg further argues that the *district court's* dismissal denied his right of equal protection under the law because the court failed to examine the administrative record to see if it contained substantial evidence to support the decision of the Secretary. *See, e.g., Davis v. Schweiker,* 641 F.2d 283, 285 (5th Cir.1981). This argument, however, merely restates Brandyburg's position that the district court should have taken jurisdiction over his complaint rather than dismissing it. In part II of this opinion, we concluded that the district court correctly construed section 405(g), which instructs district courts not to review the Secretary's actions absent a "final decision." We could not then find the district court's dismissal violative of the equal protection clause without striking down section 405(g) itself, a step for which Brandyburg has offered no supportive argument and which we decline to take.

### Conclusion

Because we find Brandyburg's contentions to be unavailing, the judgment of the district court is

AFFIRMED.