UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60695
Summary Calendar

_____

BIRCHWOOD MANOR NURSING CENTER,

Petitioner,

versus

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

_____

Petition for Review of the
Departmental Appeals Board
(C-97-023, App. Div. A-98-66, DAB Decision No. 1669)
_____

June 29, 1999

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Birchwood contests an administrative law judge's refusal, following Birchwood's deficient hearing request, to conduct a hearing on a Civil Monetary Penalty (CMP) imposed by the Department of Health and Human Services (HHS) on Birchwood. We **DENY** its petition.

No hearing was held because Birchwood's hearing request failed to specify, as per 42 C.F.R. 498.40(b), the contested issues a hearing would resolve. The Departmental Appeals Board (DAB) affirmed.

We must first address our jurisdiction. Pursuant to 42 U.S.C.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1320a-7a(e), our court has jurisdiction over petitions by "person[s] adversely affected by a determination of the Secretary [of HHS] under this section". HHS contends that any "determination" must follow an actual hearing, which was denied here. It cites 42 U.S.C. § 1320a-7a(c)(2):

> [T]he Secretary shall not make a determination adverse to any person under subsection (a) or (b) of this section until the person has been given written notice and an opportunity for the determination to be made on the record after a hearing at which the person is entitled to be represented by counsel, to present witnesses, and to cross-examine witnesses against the person.

HHS takes this language to restrict "determinations" (the only judicially-reviewable HHS actions as per § 1320a-7a(e)) to include only decisions that follow a hearing. We draw exactly the opposite inference. In requiring that no "determination" be made without giving affected persons the *opportunity for a hearing*, § 1320a-7a(c)(2) plainly contemplates "determinations" without hearings. In short, the decision not to afford Birchwood a hearing is a "determination" subject to review.

HHS also relies on ***Brandyburg v. Sullivan***, 959 F.2d 555 (5th Cir. 1992), which construed 42 U.S.C. § 405(g) (granting district courts jurisdiction to review "final decisions of the Secretary made after a hearing") to exclude review of dismissals for a party's failure to attend a hearing. While 42 U.S.C. § 1320a-7(f)(3) of the Medicare Act incorporates 42 U.S.C. § 405(h) of the Social Security Act, it does *not* incorporate § 405(g). The § 405(g) and § 1320a-7a(e) judicial review provisions are distinct;

2

§ 405(g) provides for review in a different court and specifies a hearing requirement § 1320a-7a(e) lacks.

On the merits, we affirm DAB factfinding when backed by substantial evidence; statutory interpretation, when not unreasonable. *Burditt v. U.S. Dept. of Health and Human Services*, 934 F.2d 1362, 1367-68 (5th Cir. 1991). Birchwood claims that the ALJ lacked authority to consider the request's content beyond its mere timeliness; challenges the rationality and Administrative Procedures Act provenance of 42 C.F.R. § 498.40(b); and questions HHS's August 1996 notice. We find no reversible error, for essentially the reasons stated by the DAB. *See Birchwood Manor Nursing Center v. Health Care Financing Administration*, Civ. Rem. No. C-97-023, App. Div. No. A-98-66, Decision No. 1669 (Sept. 4, 1998).

*PETITION DENIED*