Dykeba L. ROGERS, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. CIV.A. H–03–5668.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 13, 2004.

Dykeba Lecole Rogers, Houston, TX, Pro Se.

Julia Baird Denegre, OGC/SSA, Dallas, TX, for Commissioner of SSA Jo Anne B Barnhart, Defendant.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

On August 18, 2004, Magistrate Judge Calvin Botley issued a Memorandum and Recommendation, suggesting that Defendant Jo Anne B. Barnhart's ("the Commissioner") Motion to Dismiss [Doc. # 9] be granted, Plaintiff Dykeba L. Rogers' ("Rogers") Motion for Summary Judgment [Doc. # 11] be denied, and Rogers' Request to Clerk to Enter Default [Doc. # 15] be denied.

This Court has reviewed the Memorandum and Recommendation [Doc. # 17], noting that no objections have been filed, and the motions filed by the parties. It is, therefore,

**ORDERED** that the Memorandum and Recommendation is **ADOPTED** as this Court's Memorandum and Order. It is further

**ORDERED** that the Commissioner's Motion to Dismiss [Doc.# 9] be **GRANTED**. It is further

**ORDERED** that Rogers' Motion for Summary Judgment [Doc. # 11] be **DENIED**. It is further

**ORDERED** that Rogers' Request to Clerk to Enter Default [Doc. # 15] be **DENIED**. It is finally

**ORDERED** that this matter be **DISMISSED** from the dockets of this Court.

### FINAL JUDGMENT

In accordance with the Memorandum and Order issued this day, it is hereby

**ORDERED** that the Commissioner's Motion to Dismiss [Doc. # 9] be **GRANTED**. It is further

**ORDERED** that Rogers' Motion for Summary Judgment [Doc. # 11] be **DENIED**. It is finally

**ORDERED** that Rogers' Request to Clerk to Enter Default [Doc. # 15] be **DENIED**.

This is a **FINAL JUDGMENT**.

## MEMORANDUM AND RECOMMENDATION

BOTLEY, United States Magistrate Judge.

Pending before the Court are Defendant Jo Anne B. Barnhart's ("the Commissioner") Motion to Dismiss [1] (Docket Entry

---

1. The Commissioner characterizes her motion as a Motion to Dismiss for failure to state a claim upon which relief can be Granted pursuant to FED. R. CIV. P. 12(b)(6). *See* Docket Entry No. 9. The Court finds, however, that the Commissioner is actually seeking summary judgment relief under FED. R. CIV. P. 56. In relevant part, Rule 12(b) stipulates: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). In the instant case, the Commissioner attached five exhibits to her Motion to Dismiss, including the SSA's initial and reconsideration determinations, letter from Rogers, statement from Rogers, ALJ's Notice of Dismissal, and the Appeals Council's denial of request for review. As such, the Court will treat the Commissioner's Motion to Dismiss as a Motion for Summary Judgment under Rule 56. The parties have had reasonable opportunity to present all material pertinent to a motion under Rule 56. Rogers has filed a Motion for Summary Judgment with a Brief in Support, which the Court has interpreted as both a request for relief and a response to the Commissioner's Motion to Dismiss. *See* Docket Entry Nos. 11, 12, 13. Rogers attached exhibits to her brief in support of her summary judgment motion. *See* Docket Entry No. 12. The Commissioner was given an

No. 9), Plaintiff Dykeba L. Rogers' ("Rogers") Motion for Summary Judgment (Docket Entry No. 11), and Rogers' Request to Clerk to Enter Default (Docket Entry No. 15). Rogers appeals the dismissal of her request for a hearing before an Administrative Law Judge ("ALJ"). Having reviewed the pending motions, the submissions of the parties, the pleadings, and the applicable law, this Court recommends that the Commissioner's Motion to Dismiss (Docket Entry No. 9) be granted, that Rogers' Motion for Summary Judgment (Docket Entry No. 11) be denied, and that Rogers' Request to Clerk to Enter Default (Docket Entry No. 15) be denied.

## I. *Background*

On November 15, 2001, Rogers filed applications with the Social Security Administration ("SSA") seeking disability benefits and supplemental security income benefits under Title II and Title XVI. *See* Docket Entry No. 9, Attach. A, Affidavit of Jean–Claude Aumont, at ¶ 3(a). Rogers' applications were initially denied on March 15, 2002, and then again on reconsideration on March 20, 2003. *See id.* at Exh. 1. In the March 20, 2003 denial of reconsideration notice, the SSA advised Rogers of her right to request a hearing before an ALJ within sixty (60) days of the receipt of the notice.

If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Hearing and Appeals. If you want a hearing, you must request it not later than 60 days from the date you receive this notice. You may make your request through any Social Security Office.

opportunity to file a reply, which she did on

Read the enclosed leaflet for a full explanation of your right to appeal.

*See id.*

Approximately seventy-seven days later, on June 5, 2003, Rogers wrote a letter to the SSA, advising that she was sending a request for hearing before an ALJ via certified mail. *Id.* at Exh. 2. Thereafter, on June 13, 2003, Rogers submitted a signed form requesting a hearing before an ALJ as well as a signed statement indicating that she did not file her request for a hearing within the sixty-day period because she had a death in her family and she and her husband had been ill. *See id.* at Exh. 3. Rogers further opined that it was her "impression claimants were allowed a grace period." *See id.*

By notice dated June 27, 2003, an ALJ dismissed Rogers' request for hearing as untimely, finding no good cause to extend the time for filing the request. *See id.* at Exh. 4. Rogers requested review of the ALJ's dismissal, which was denied on October 6, 2003, by the Appeals Council of the SSA's Office of Hearings and Appeals. *See id.* at Exh. 5. Rogers filed the instant action on December 11, 2003. *See* Docket Entry No. 3.

## I. *Analysis*

### A. *Subject Matter Jurisdiction*

In her motion, the Commissioner argues that this Court lacks subject matter jurisdiction over the action because Rogers has not exhausted her administrative remedies. *See* Docket Entry No. 9.

Section 405, the provision of the Social Security Act authorizing and limiting judicial review, provides in pertinent part:

(g) Judicial review

Any individual, after any *final decision* of the Commissioner of Social Security

July 7, 2004.

made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. § 422.210; *Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir.1992). "The term 'final decision' is not only left undefined by the Act, but its meaning is left up to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (citing 42 U.S.C. § 405(a)).

Under the applicable regulations, a claimant must complete a four step process in order to obtain a final decision and qualify for judicial review. The steps are:

(1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in §§ 404.902, 416.1402, that gives you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council Review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) Federal Court Review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in Federal district court.

20 C.F.R. §§ 404.900(a), 416.1400. At step three of the above process, an ALJ may dismiss a request for hearing that was untimely (*i.e.*, not within sixty days of receipt of the notice of the previous determination and no extension of time for requesting a hearing was granted (*i.e.*, no good cause was found)). *See* 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3); *see also* 20 C.F.R. §§ 404.911, 404.933(b)-(c); 416.1411, 416.1433(b)-(c).

The determination of whether to extend for cause the sixty-day limitation period for requesting a hearing before an ALJ, prescribed by regulations 20 C.F.R. §§ 404.933(b), 416.1433(b), is not a "final decision" within the meaning of section 405(g) and, hence, is unreviewable. *See Brandyburg*, 959 F.2d at 560 & n. 4. Thus, if an ALJ dismisses a hearing for failure to make a timely request for hearing, a district court is deprived of jurisdiction to review the ALJ's dismissal. *See id.* The finality requirement of 42 U.S.C. § 405(g), however, does not preclude judicial review if an applicant brings a constitutional question. *See Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *see also Vargas v. Barnhart*, 101 Fed.Appx. 989 (5th Cir.2004) (district court had jurisdiction to consider plaintiff's petition for judicial review because plaintiff raised a colorable constitutional claim).

Applying these principles to the instant case, the undisputed evidence demonstrates that on March 20, 2003, the SSA sent Rogers a notice that her request for reconsideration had been denied and that she had a right to request a hearing before an ALJ within sixty days. *See* Docket Entry No. 9, at Exh. 1. Rogers is presumed to have received this notice within five days—*i.e.*, on or before March 25, 2003; Rogers has made no reasonable showing to

the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401; *see also Kinash v. Callahan,* 129 F.3d 736, 738 (5th Cir.1997). Hence, Rogers's deadline for seeking a hearing before an ALJ was May 24, 2003. Rogers, however, did not make a request for hearing until, at the earliest, June 5, 2003—twelve days *after* the deadline.[2] *See* Docket Entry No. 9, at Exh. 2.

In her letter of June 5, 2003, she merely advised the SSA that she would be filing a request for an ALJ. *See id.* at Exh. 2. On June 13, 2003, Rogers submitted her request for an ALJ along with a signed statement conceding that her request was untimely, but claiming that she had a death in the family and that she and her spouse had been "ill." *See id.* at Exh. 3. She further added that she was under the presumption that she was allowed a grace period. *See id.* In a memorandum in support of her motion for summary judgment, Rogers argues that the Commissioner must find her disabled because her loan was discharged by the United States Department of Education's Disability Discharge Loan Servicing Center. *See* Docket Entry No. 12 at p. 2 & Exh. C. Rogers also alleges that she tried to pursue her case; however, her own health problems and a death in her immediate family left her "incapacitated" and caused an onset of "memory loss." *See id.* at pp. 4–5. Additionally, Rogers asserts that "the overwhelming, [sic] burdens of having to treat all 5 of [her] children with their nebulizer [sic] each at 4–6 times a day" as well as "assisting [her] very ill husband in some daily activities" were the reasons she was "unable to recollect the proper due date, due to severe loss of memory which caussed [sic] the great onset of loss of consortium." *Id.* at p. 5. According to Rogers, her "inability to file timely was aggrieved by such overwhelming burden, and was not done for delay purposes [sic] was due only to the Plaintiff's error and mistake." *Id.*

■ As an initial matter, "[a] determination made by another agency that you are disabled … is not binding on [the SSA]." 20 C.F.R. §§ 404.1504, 416.904. Thus, the discharge of Rogers' loan due to a finding of disability is not dispositive of the limitations issue in this case. With respect to her allegations that the ALJ and Appeals Council erred in finding that she did not have "good cause" to extend the deadline to request a hearing before an ALJ, Rogers failed to submit any evidence regarding the alleged death in her immediate family and there is no evidence that either she or another family member/friend attempted to contact the SSA to request a hearing on Rogers' behalf in a timely manner. Moreover, Rogers failed to provide documentation to support a finding that she was physically unable to request a hearing during the sixty-day period. Instead, she merely offers a vague assertion that she and/or her husband were "ill." *See id.*

Accordingly, Rogers' failure to timely request a hearing before an ALJ precludes her from obtaining a "final decision" of the Commissioner and, consequently, judicial review of her case. *See Brandyburg,* 959 F.2d at 560. Rogers does not bring a constitutional claim before the Court which would subject this matter to judicial review. *See Califano,* 430 U.S. at 107–09, 97 S.Ct. 980. Because the Court lacks subject matter jurisdiction, this case must be dismissed. *See* 42 U.S.C. § 405(g).

---

**2.** Rogers' letter of June 5, 2003, merely advised the SSA of her intent to request a hearing before an ALJ. *See* Docket Entry No. 9, at Exh. 2. It was not until June 13, 2003, that Rogers submitted her formal request for an ALJ and a signed statement acknowledging that she did not file her appeal in a timely manner. *See id.* at Exh. 3.

## B. *Default Judgment*

■ Rogers seeks default judgment against the Commissioner pursuant to Fed. R. Civ. P. 55, claiming that the Commissioner has failed to timely file an answer. *See* Docket Entry No. 15; *see also* Docket Entry No. 12, at pp. 8a–10. Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). In this case, the Commissioner has "otherwise" defended the case by filing a motion to dismiss for lack of jurisdiction. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 277 (5th Cir.1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance"). Additionally, 55(e) of the Federal Rules of Civil Procedure stipulates that no judgment by default shall be entered against the United States … or an agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court. *See* Fed. R. Civ. P. 55(e). Here, default judgment is inappropriate because there is no satisfactory evidence (*i.e.,* no administrative record and/or final decision on the merits) in this case establishing Rogers' claim or right to relief as set forth by 42 U.S.C. § 405(g). *See Borzeka v. Heckler,* 739 F.2d 444, 446 (9th Cir.1984) (clerk's entry of default judgment improper under Rule 55(e) where party's motion merely stated that the 60–day time period had expired and court had not considered whether moving party had submitted satisfactory evidence in support of his claim); *Williams v. Califano,* 593 F.2d 282, 284 (7th Cir.1979) (entry of default judgment against the agency improper absent a finding that the Commissioner's determination is not supported by substantial evidence under 42 U.S.C. § 405(g)); *Carroll v. Secretary, Dep't of Health, Educ. & Welfare,* 470 F.2d 252, 256 (5th Cir.1972) (Rule 55(e) precludes entry of a default judgment unless there is sufficient evidence). As such, Rogers' motion for entry of default judgment must be denied.

## III. *Conclusion*

Accordingly, it is

**RECOMMENDED** that the Commissioner's Motion to Dismiss (Docket Entry No. 9) be **GRANTED.** It is further

**RECOMMENDED** that Rogers' Motion for Summary Judgment (Docket Entry No. 11) be **DENIED.** It is further

**RECOMMENDED** that Rogers' Request to Clerk to Enter Default (Docket Entry No. 15) be **DENIED.** It is finally

**RECOMMENDED** that this matter be **DISMISSED** from the dockets of this Court.

The Clerk shall send copies of the Memorandum and Recommendation to the respective parties. The parties have ten (10) days from receipt to file specific, written objections to the Memorandum and Recommendation. *See* Fed. R. Civ. P. 72. Absent plain error, the failure to file objections bars an attack on the factual findings, as well as the legal conclusions, on appeal. The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208–1010. Copies of the objections must be mailed to the opposing party and to the chambers of the magistrate judge, P.O. Box 610205, Houston, Texas 77208–0070.

August 17, 2004.