United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51169
Summary Calendar

KENNETH RIECKE,

                                        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
1:04-CV-348

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Kenneth Riecke is seeking disability insurance benefits under
Title II of the Social Security Act.  He was denied benefits in
1999 and filed a second application for benefits in 2002 that was
also denied.  This appeal asks whether the district court erred in
holding that it lacked jurisdiction to review the res judicata
dismissal of the second application.  As explained below, the

---

[*]Pursuant to 5TH CIR. R. 47.5, this Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal was not error.

FACTS AND PROCEDURAL HISTORY

On June 25, 1998, Riecke filed his first application for disability benefits, claiming he had been disabled since January 1, 1991, with a last insured date of March 31, 1991. The application stated that lower back pain, ringing in the ears, and post-traumatic stress disorder prevented him from working.[1] This application was denied initially and on reconsideration. On Riecke's request, an administrative law judge, Judge Vila, held a hearing to consider the application. Riecke appeared in person at the hearing, and, after Judge Vila fully advised him of his right to retain counsel, Riecke agreed to proceed without representation.

Judge Vila found that Riecke was not disabled at any time through the date of his decision, June 18, 1999. He found that neither the objective medical evidence nor Riecke's testimony established that he was impaired at a level that prevented sedentary employment. The Appeals Council denied Riecke's request for review. He did not appeal to the United States District Court.

On September 12, 2002, Riecke filed his second application for benefits. It alleged disability commencing December 1, 1983, due to chronic neck and back pain, nerve damage, asthma, degenerative disc disease, hearing loss, residuals from a wrist injury, and post-traumatic stress disorder. As he did in the first appeal,

---

[1]Riecke asserts that these conditions were caused, in part, by his service in the Vietnam War.

2

Riecke used a last insured date of March 31, 1991. This application was denied initially and on reconsideration. Again Riecke requested a hearing.

The administrative law judge reviewing Riecke's case, Judge Gough, dismissed this application on res judicata grounds without a hearing. Judge Gough found that the issues covered during the hearing before Judge Vila involved the same facts and law raised in the second application. Judge Gough found no grounds for reopening the prior decision. The Appeals Council upheld the decision, and Riecke appealed to the United States District Court. The court found that it lacked jurisdiction to review the res judicata dismissal of Riecke's second application. Riecke appealed.

DISCUSSION

Judicial review of a decision denying disability claims is only available "after any final decision . . . made after a hearing." 42 U.S.C. § 405(g) (2000). When an administrative law judge dismisses a case on res judicata grounds,[2] that finding is generally not reviewable because it is not a final decision after a hearing. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Hensley v. Califano*, 601 F.2d 216, 216 (5th Cir. 1979) (per curiam) ("[R]efusals to reopen and determinations that a claim is res

---

[2]A res judicata dismissal is appropriate when a subsequent application for disability benefits alleges the same facts and issues made in the previous application. 20 C.F.R. § 404.957(c)(1).

judicata are not reviewable"). Jurisdiction does exist, however, when a plaintiff raises a colorable constitutional claim. *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992).

As previously set forth, Judge Gough dismissed Riecke's application on res judicata grounds. Therefore, the district court only had jurisdiction if Riecke had a colorable constitutional claim. *Sanders*, 480 U.S. at 109. Riecke argued that the proceedings violated his right to due process and right to counsel. The district court rejected these arguments. Our review is de novo. *Hashemite Kingdom of Jordan v. Layale Enter., S.A.* (*In re B-727 Aircraft Serial No. 21010*), 272 F.3d 264, 269 (5th Cir. 2001).

Riecke's due process argument fails. After the decision by Judge Vila, Riecke could have sought judicial review. Instead, he filed a subsequent application covering the same issue, i.e., disability prior to March 31, 1991. *Sanders* provides that "a claimant is not given a guarantee of a second hearing" when he waives previous opportunities for review. *Matos v. Sec'y of Health, Educ. & Welfare*, 581 F.2d 282, 285 (1st Cir. 1978). In addition, Riecke received a full and fair hearing of his initial application, and, because the second application covered the same issue, it was not a due process violation to deny a second

4

hearing.[3]

Likewise, Riecke's argument concerning counsel fails. There is no constitutional right to counsel at a Social Security Administration hearing. *Brandyburg*, 959 F.2d at 562; *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981).

## CONCLUSION

For the above-mentioned reasons, the district court did not err in holding that it lacked jurisdiction to hear the appeal of the res judicata dismissal. Riecke failed to present a colorable constitutional claim as required by *Sanders* and *Brandyburg*.

AFFIRMED.

---

[3]Riecke also contends that he did not get a fair hearing because of alleged medical problems suffered by Judge Gough. Riecke, however, offers no evidence of Judge Gough's condition and no authority for how such a condition would create a constitutional claim. This Court does not consider such vague, unsupported arguments. *Foster v. Townsley*, 243 F.3d 210, 212 n.1 (5th Cir. 2001) (issues inadequately briefed are deemed waived).

5