# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2017

Lyle W. Cayce
Clerk

DIANNE WEEKS,

　　　　Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-2653

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

　　　Plaintiff-Appellant Dianne Weeks ("Weeks") appeals the district court's dismissal of her action for lack of jurisdiction. For the reasons below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31092

**I.**

Weeks applied for disability insurance benefits in November 2009. The claim was initially denied on April 20, 2010, and Weeks requested a hearing, after which an Administrative Law Judge ("ALJ") issued an unfavorable decision on January 21, 2011. The Appeals Council ("Appeals Council") of the Social Security Administration ("SSA") denied Weeks's request for review in April 2012, and Weeks did not request judicial review from the district court.

Then, on July 1, 2013, after retaining counsel, Weeks submitted a second application for benefits with a statement from her doctor that related back to the earlier time period. On July 22, 2013, the SSA denied Weeks's second application on the basis that it involved the same issues as the January 2011 decision. Weeks did not pursue her administrative appeals process regarding this denial.

Starting in July 2013, Weeks also began the process for reopening the November 2009 application. She details communications with various SSA offices that occurred between July 2013 and September 2015, at which point the Appeals Council found no reason to reopen the April 2012 decision.

Weeks then filed a complaint in the district court on November 6, 2015. Defendant-Appellee Acting Commissioner of Social Security (the "Commissioner") filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for summary judgment. The magistrate judge concluded that the court lacked subject matter jurisdiction to consider the Commissioner's decision not to reopen the April 2012 decision absent a colorable constitutional claim, which Weeks had not sufficiently raised. Weeks filed objections to the report and recommendation of the magistrate judge, and the district court adopted the recommendation of the magistrate judge and dismissed the case in its entirety. Weeks now appeals.

No. 16-31092

## II.

This court reviews de novo a district court's decision to dismiss based on lack of subject matter jurisdiction and applies the same standard as the district court. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

## III.

Before a federal court may exercise jurisdiction over an action pursuant to 42 U.S.C. § 405(g), the claimant must have exhausted his administrative remedies. *See Matthews v. Eldridge*, 424 U.S. 319, 327–28 (1976); *Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987). Jurisdiction is clearly limited to actions that amount to a "final decision" and "made after a hearing." *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975); *Harper*, 813 F.2d at 739. The term "final decision" is undefined in the Act, and the meaning of that term was left to the Social Security regulations. *Brandyburg v. Sullivan*, 959 F.2d 555, 559 (5th Cir. 1992). In this regard, we have explained the administrative steps leading up to a final decision as follows: (1) an individual files a claim with the SSA for initial determination; (2) a dissatisfied claimant must file a request for and receive reconsideration; (3) after obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ; (4) a dissatisfied claimant may request that the Appeals Council review the ALJ's decision. *Harper*, 813 F.2d at 739.

The finality requirement of section 405(g), however, does not preclude judicial review if a claimant asserts a colorable constitutional challenge. *See Califano v. Sanders*, 430 U.S. 99, 107–09 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

We agree with the district court that jurisdiction is lacking over Weeks's claims relating to the refusal to reopen the April 2012 decision. A refusal to

3

reopen is not subject to judicial review.  20 C.F.R. § 404.903(l).  Accordingly, federal courts lack jurisdiction to review a decision not to reopen a claim for benefits.  *See Califano*, 430 U.S. at 107–08; *Thibodeaux v. Bowen*, 819 F.2d 76, 79–80 (5th Cir. 1987).  Thus, there was no jurisdiction over Weeks's claims relating to the refusal to reopen absent a colorable constitutional claim.

We further agree with the district court that Weeks did not present a colorable constitutional claim in her complaint because Weeks was not entitled to a hearing on her request to reopen.  *See Califano*, 430 U.S. at 108; *Brandyburg*, 959 F.2d at 560.  Accordingly, the district court correctly determined that the refusal to reopen was not subject to judicial review and that Weeks did not allege a colorable constitutional claim.

With respect to Weeks's complaint related to the denial of her 2013 application as a new claim, she did not meet her burden to establish that she exhausted her administrative remedies as to that claim such that jurisdiction would be proper.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) ("If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, . . . a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.").  The only potential argument for a colorable constitutional violation related to that claim is that the prototype process applied.  Not only was that argument never made before the district court, but also it is inadequately briefed on appeal.  It is therefore abandoned, *Young v. Repine (In re Repine)*, 536 F.3d 512, 518 n.5 (5th Cir. 2008); FED. R. APP. P. 28(a)(8), and we do not address it.

AFFIRMED.