United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51404
Summary Calendar
_____

PEDRO VARGAS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-823-SS
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Pedro Vargas appeals the district court's dismissal of his petition for judicial review of the dismissal of his application for disability benefits by the Commissioner of Social Security.  He argues that his due process rights were violated because he did not receive notice of the administrative hearing and the Commissioner did not comply with the regulations pertaining to dismissal of the claim.  Because Vargas raised a colorable constitutional claim, the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court had jurisdiction to consider his petition for judicial review of the Commissioner's decision. See Califano v. Sanders, 430 U.S. 99, 107-09 (1977).

Vargas has not shown that his due process rights were violated. The Administrative Law Judge (ALJ) sent all of the notices to the last known address provided by Vargas in his application. At no time did Vargas notify the ALJ that his address had changed or that the post office box address was no longer valid. Although Vargas may not have received the first two notices of the hearing, the record shows that he signed and returned the mail receipt for the show cause order sent by certified mail. Vargas does not dispute that he received the show cause order. However, Vargas failed to respond to it. Thus, the record indicates that the notices sent by the ALJ satisfied the requirements of procedural due process. See, e.g., Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); United States v. Estrada-Trochez, 66 F.3d 733, 736 (5th Cir. 1995). Accordingly, the district court did not err in holding that Vargas had not shown a due process violation.

AFFIRMED.