Leon MCQUEEN, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. CIV.A. H–04–2021.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 13, 2004.

Marc Stanley Whitehead, Attorney at Law, Houston, TX, for Leon McQueen, Plaintiff.

Kerry J Simpson, U.S. Atty's Off, Special Assistant U.S. Atty, Dallas, TX, for Commissioner of SSA Jo Anne B Barnhart, Defendant.

## MEMORANDUM AND ORDER

HOYT, District Judge.

On August 16, 2004, Magistrate Judge Calvin Botley issued a Memorandum and Recommendation, suggesting that Defendant Jo Anne B. Barnhart's ("the Commissioner") Motion to Dismiss [Doc. # 3], as

converted to a motion for summary judgment, be granted.

This Court has reviewed the Memorandum and Recommendation [Doc. # 10], noting that no objections have been filed, and the pleadings filed by the parties. It is, therefore,

**ORDERED** that the Memorandum and Recommendation is **ADOPTED** as this Court's Memorandum and Order. It is further

**ORDERED** that the Commissioner's Motion to Dismiss [Doc. # 3],as converted to a motion for summary judgment, be **GRANTED**. It is finally

**ORDERED** that this matter be **DISMISSED** from the dockets of this Court.

### FINAL JUDGMENT

In accordance with the Memorandum and Order issued this day, it is hereby

**ORDERED** that the Commissioner's Motion to Dismiss [Doc. # 3],as converted to a motion for summary judgment, be **GRANTED**.

This is a **FINAL JUDGMENT**.

### MEMORANDUM AND RECOMMENDATION

BOTLEY, United States Magistrate Judge.

Pending before the Court is Defendant Jo Anne B. Barnhart's ("the Commissioner") motion to dismiss (Docket Entry No. 3), which was converted by Order of this Court into a motion for summary judgment. *See* Docket Entry Nos. 3 and 8. The Commissioner seeks dismissal of Plaintiff Leon McQueen's ("McQueen") appeal of an administrative law judge's ("ALJ") decision that he is not entitled to receive social security disability benefits. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, it is recommended

that the Commissioner's motion (Docket Entry No. 3) be granted.

### I. *Background*

On December 11, 2002, McQueen filed an application with the Social Security Administration ("SSA") seeking disability benefits under Title II. *See* Docket Entry No. 1. After being denied benefits initially and on reconsideration, on June 6, 2003, McQueen requested an administrative hearing before an ALJ. *See* Docket Entry No. 4, at Exh. 1. On June 11, 2003, the SSA acknowledged McQueen's request, and informed him of his right to legal representation. *See id.* at Exh. 2. Along with the letter to McQueen, the SSA included a pamphlet concerning the potential hearing and a list of organizations that could assist McQueen in obtaining counsel. *See id.*

By notice dated December 24, 2003, McQueen was advised that a hearing had been scheduled for January 22, 2004. *See id.,* at Exh. 3. On January 2, 2004, McQueen signed an acknowledgment of receipt of the notice concerning his upcoming hearing, but informed the SSA that he could not attend the hearing because he had not obtained legal representation. *See id.,* at Exh. 4. On January 5, 2004, an employee at the SSA contacted McQueen by telephone to discuss his upcoming hearing. *See id.,* at Exh. 5. McQueen advised that he would not attend the hearing because he lacked counsel and that no attorney would represent him unless he settled an issue involving an outstanding debt overpayment. *See id.* The employee at the SSA warned McQueen that the ALJ might not find his reason for not attending to constitute "good cause" and could dismiss his case. *See id.* On January 15, 2004, McQueen was contacted by telephone again by the SSA concerning his upcoming hearing. *See id.,* at Exh. 6. During this conversation, McQueen again told the SSA

employee that he would not be attending his hearing because he lacked legal representation. *See id.*

A hearing before an ALJ was held, as scheduled, on January 22, 2004; McQueen failed to appear at the hearing. *See id.,* at Exh. 7. In a decision dated January 29, 2004, the ALJ dismissed McQueen's case for failing to appear at the hearing, and noted that McQueen had presented no good reason for his failure to attend the hearing. *See id.* McQueen appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals, which, on March 23, 2004, declined to review the ALJ's dismissal. *See id.,* at Exh. 8. McQueen filed the instant action on May 20, 2004. *See* Docket Entry No. 1.

## II. *Analysis*

In her motion, the Commissioner argues that this Court lacks subject matter jurisdiction over the action because McQueen has not exhausted his administrative remedies. *See* Docket Entry No. 3.

Section 405, the provision of the Social Security Act authorizing and limiting judicial review, provides in pertinent part:

(g) Judicial review

Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. § 422.210; *Brandyburg v. Sullivan,* 959 F.2d 555, 558 (5th Cir.1992). "The term 'final decision' is not only left undefined by the Act, but its meaning is left up to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (citing 42 U.S.C. § 405(a)).

Under the applicable regulations, a claimant must complete a four step process in order to obtain a final decision and qualify for judicial review. The steps are:

(1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council Review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) Federal Court Review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in Federal district court.

20 C.F.R. § 404.900(a). At step three of the above process, an ALJ may dismiss a request for a hearing if the person requesting the hearing or their representative does not show up at the hearing, and the ALJ does not find "good cause" for their failure to appear. *See* 20 C.F.R. § 404.957(b)(1). "In determining good cause or good reason" the ALJ "will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which [an applicant] may have." 20 C.F.R. § 404.957(b)(2).

The Fifth Circuit has held that a dismissal by an ALJ for failing to appear at an administrative hearing is not a "final decision" under 42 U.S.C. § 405(g) and, thus, is not subject to judicial review. *See Brandyburg,* 959 F.2d at 560. Thus, if an ALJ dismisses a hearing for failure to appear, a district court is deprived of jurisdiction to review the ALJ's dismissal. *See id.* at 561. The finality requirement of 42 U.S.C. § 405(g), however, does not preclude judicial review if an applicant brings a constitutional question. *See Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *see also Vargas v. Barnhart,* 101 Fed.Appx. 989 (5th Cir. 2004) (district court had jurisdiction to consider plaintiff's petition for judicial review because plaintiff raised a colorable constitutional claim).

Applying these principles to the instant case, the undisputed evidence demonstrates that in June 2003, over six months prior to the scheduled hearing, the SSA provided McQueen a letter advising him about the hearing process, informing him of his right to representation, and enclosing a list of organizations that could assist him in obtaining counsel. *See* Docket Entry No. 4, at Exh. 2. McQueen was notified at least four times that if he failed to attend the hearing and could not give a good reason for not attending, his hearing request could be dismissed without further notice. *See id.,* at Exhs. 3, 4, 5, and 6. Indeed, the Notice of Hearing sent by the ALJ stated:

> **It is Important That You Come To Your Hearing**
>
> I have set aside this time to hear your case. If you do not appear at the hearing and I do not find that you have good cause for failing to appeal, I may dismiss your request for hearing. I may do so without giving you further notice.

*See id.,* at Exh. 3 (emphasis in original). Additionally, on the acknowledgment form, directly above McQueen's signature, was an admonishment regarding attendance at the hearing:

> NOTE: YOUR REQUEST FOR HEARING MAY BE DISMISSED IF YOU DO NOT ATTEND THE HEARING AND CANNOT GIVE A GOOD REASON FOR NOT ATTENDING. THE TIME OR PLACE OF THE HEARING WILL BE CHANGED IF YOU HAVE A GOOD REASON FOR YOUR REQUEST.

*See id.,* at Exh. 4 (emphasis in original). Moreover, in telephone calls on January 5 and 15, 2004, McQueen was further cautioned by an SSA employee that the ALJ may not consider the fact that he had not obtained counsel "good cause" for not attending the hearing, "especially since with his multiple applications he [was] well aware of the 'process.'" *See id.,* at Exhs. 5 and 6.

McQueen claims that he is entitled to review on the issue of good cause for failing to exhaust his administrative remedies, asserting that his failure to attend the hearing is "legally equivalent to an untimely request for an administrative appeal." *See* Docket Entry No. 9. The foregoing assertion by McQueen and his citation to SSR 91–5 are inapposite, as that regulation concerns the Commissioner's policy for establishing good cause for missing the deadline to request for review. *See* SSR 91–5p, 1991 WL 208067 (S.S.A. July 1, 1991). Here, McQueen requested review, but it was denied by the Appeals Council. *See* Docket Entry No. 4, at Exh. 8. Moreover, regulation SSR 91–5 does not address this Court's subject matter jurisdiction. *See* SSR 91–5p, 1991 WL 208067 (S.S.A. July 1, 1991).

McQueen also argues that his "mental illness ... *probably* effected his ability to comprehend [the] necessity [to] attend his ALJ hearing even without an attorney."

*See* Docket Entry No. 9 (emphasis added). McQueen does not provide any evidence of the type or severity of his alleged mental illness. McQueen only provides a conclusory allegation that a mental illness *probably* prevented his comprehension of the importance of attending the hearing. McQueen's acknowledgment of receipt form nor the SSA's telephone log notes reveal any indication that due to a mental disability he failed to comprehend the necessity to attend the hearing. *See* Docket Entry No. 4, at Exhs. 4, 5, and 6. To the contrary, McQueen's acknowledgment form indicated that he had spoken to a few attorneys, but had to resolve a financial issue before he could retain counsel and did not want to appear at hearing without counsel. *See id.*, at Exh. 4. The SSA's telephone log notes further reveal that McQueen was well aware of the process due to his multiple applications. *See id.*, at Exh. 5. Additionally, in the telephone conversation with the SSA, McQueen indicated he would refile another application should the ALJ dismiss his case. *See id.* No mental disability or illness is reflected in the letters from McQueen to the SSA or the SSA telephone log notes. Because McQueen fails to describe his alleged mental illness and merely opines that it "probably" impacted his comprehension of the importance of attending the hearing without counsel, McQueen's claim lacks particularity and, as such, is insufficient to invoke this Court's jurisdiction. *See Stieberger v. Apfel,* 134 F.3d 37, 40–41 (2d Cir.1997) (federal court jurisdiction cannot be invoked merely upon a generalized allegation that the claimant was too confused to understand available administrative remedies); *Canales v. Sullivan,* 936 F.2d 755, 759 (2d Cir.1991) (plaintiff's affidavit proved that she was incapacitated due to her mental impairment during the 60–day time to file judicial review; thus, equitable tolling was warranted).

McQueen's failure to appear at his administrative hearing precludes him from obtaining a "final decision" of the Commissioner and, consequently, judicial review of his case. *See Brandyburg,* 959 F.2d at 560. McQueen does not bring a constitutional claim before the Court which would subject this matter to judicial review. *See Califano,* 430 U.S. at 107–09, 97 S.Ct. 980. Because the Court lacks subject matter jurisdiction, this case must be dismissed. *See* 42 U.S.C. § 405(g).

### III. *Conclusion*

Accordingly, it is

**RECOMMENDED** that the Commissioner's Motion to Dismiss (Docket Entry No. 3), as converted to a motion for summary judgment, be **GRANTED**. It is further

**RECOMMENDED** that this matter be **DISMISSED** from the dockets of this Court.

The Clerk shall send copies of the Memorandum and Recommendation to the respective parties. The parties have ten (10) days from receipt to file specific, written objections to the Memorandum and Recommendation. *See* FED. R. CIV. P. 72. Absent plain error, the failure to file objections bars an attack on the factual findings, as well as the legal conclusions, on appeal. The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208–1010. Copies of the objections must be mailed to the opposing party and to the chambers of the magistrate judge, P.O. Box 610205, Houston, Texas 77208–0070.

August 16, 2004.