Marcus BECKHAM, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C-1-82-336.

United States District Court, S.D. Ohio, W.D.

Dec. 15, 1982.

Martin M. Young, Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

SPIEGEL, District Judge:

Plaintiff, a Social Security disability claimant, brought this action under 42 U.S.C. § 405(g), seeking review of the Secretary's decision finding that plaintiff is not disabled and denying plaintiff Social Security benefits.

Defendant originally filed a motion to dismiss this action on the ground that plaintiff had filed out of time (doc. 4). Plaintiff responded with a memorandum in opposition, indicating that he had filed this action within the time provided by statute (doc. 5), and this Court subsequently denied defendant's motion to dismiss (doc. 6).

This matter is now before the Court upon the renewed motion of the defendant to dismiss plaintiff's complaint (doc. 7), plaintiff's motion to dismiss defendant's renewed motion, and motion to order defendant to answer the complaint (doc. 8), plaintiff's second motion to dismiss defendant's renewed motion to dismiss plaintiff's complaint (doc. 9) and the reply filed by defendant (doc. 10). For the reasons set forth below we find that defendant's motion is not well-taken and should be denied.

In his renewed motion to dismiss defendant states that due to a clerical error, defendant erroneously set forth incorrect grounds in support of its original motion to dismiss. Defendant argues that this case should be dismissed on the ground that this Court lacks jurisdiction because plaintiff failed to exhaust his administrative remedies prior to filing this action, and because there has been no final decision of the Secretary as required by 42 U.S.C. § 405(g).

42 U.S.C. § 405(g) is the only vehicle by which a claimant seeking Social Security disability benefits can obtain judicial review of an adverse decision by the Secretary. Section 405(g) states in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.... The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

Plaintiff in this case filed an application for supplemental security income benefits on August 12, 1980. The application was denied initially and on reconsideration and plaintiff was so advised by notice dated April 29, 1981. Thereafter, plaintiff filed a request for hearing on May 13, 1981, within the time provided by statute. A hearing was scheduled for September 18, 1981 but plaintiff failed to appear. The Administrative Law Judge (ALJ) rescheduled the hearing for October 14, 1981 but the plaintiff failed to appear again. Plaintiff was then contacted by a hearing assistant by telephone on October 14 and plaintiff advised that person that he was in the process of obtaining legal representation and would advise the hearing assistant of the name of his attorney by October 19, 1981. In a letter to plaintiff dated October 20, 1981 the ALJ related the above facts and indicated that as of that date plaintiff had not yet supplied the name and address of his representative. The letter informed plaintiff that if he did not submit the name and address of his representative by October 30, 1981 plaintiff would be deemed to have abandoned the hearing and that his request for a hearing would be dismissed. On December 8, 1981 the ALJ issued a notice of dismissal of plaintiff's request for a hearing and concluded that the prior determinations of the administration denying plaintiff benefits, remained in full force and effect.

Plaintiff filed a timely notice of appeal with the Appeals Council, stating that he believed that he was required to have an attorney accompany him to the hearing and that he had been unable to obtain legal representation. He requested that his case

be rescheduled for a hearing and that he would appear with or without counsel. Plaintiff related his efforts to find an attorney and asserted that he had explained to the hearing assistant that he was attempting to obtain legal representation. He stated a number of times that he did not believe that he was permitted to go to court without a lawyer. On January 29, 1982 the Appeals Council concluded there was no basis for granting the request for review of dismissal or the request for hearing. On February 4, 1982, an attorney acting on behalf of the plaintiff wrote a letter to the Appeals Council requesting reconsideration of its prior decision and requesting the Appeals Council to remand the case to the ALJ for further hearing. On March 16, 1982 the Appeals Council concluded that the ALJ's dismissal was proper and in accord with the law and implementing regulations. Therefore, the Council decided that there was no basis for vacating its previous action. Plaintiff filed this complaint in district court on November 12, 1982.

Defendant argues primarily that because there was no hearing there is no final decision of the Secretary and this Court has no jurisdiction to review this case. It argues that under certain circumstances the ALJ may dismiss a request for a hearing and that such dismissal is final and binding unless vacated by the Appeals Council. Defendant argues that there can be a final decision of the Secretary only if the Appeals Council grants a request for review of the ALJ's decision made after hearing and renders a decision thereon, or if the Appeals Council denies a timely request for review of an ALJ's decision made after a hearing thereby constituting the ALJ's decision the "final decision of the Secretary." Defendant argues that this Court, therefore, is without jurisdiction to entertain this suit.

The Supreme Court considered a similar question in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *Eldridge* involved a decision by the Social Security Administration to terminate disability benefits that Eldridge had been receiving for some years. The notification sent to Eldridge by the administration ad-

vised him of this right to seek reconsideration within a set time period. However, instead of requesting reconsideration with the agency, Eldridge commenced a civil action challenging the constitutionality of the agency's procedures that had been established to assess whether a continuing disability existed. The Secretary moved to dismiss the complaint on the grounds that Eldridge had failed to exhaust available administrative remedies. On review, the Supreme Court held that the court had jurisdiction to review the Secretary's decision, even though there had been no hearing. The Court stated:

> *Salfi* [*Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)], identified several conditions which must be satisfied in order to obtain judicial review under § 405(g). Of these, the requirement that there be a final decision by the Secretary after a hearing is regarded as "central to the requisite grant of subject matter jurisdiction ...." 422 U.S. at 764 [95 S.Ct. at 2466]. Implicit in *Salfi,* however, is the principle that this condition consists of two elements, only one of which is purely "jurisdictional" in the sense it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type and some decision by the Secretary is clearly required by the statute.

424 U.S. at 328, 96 S.Ct. at 899. The Court then characterized the plaintiff's asserted right to a due process hearing before disability benefits could be terminated as being "entirely collateral to his substantive claim of entitlement" and found that petitioner was entitled to judicial review of his constitutional claim, despite the fact that there had never been a hearing before the Secretary. *Id.* at 330, 96 S.Ct. at 900. The Court found that the fact that Eldridge had failed to raise his constitutional claim with

the Secretary was not controlling and that "§ 405(g) requires only that there be a 'final decision' by the Secretary with respect to the claim of entitlement to benefits." *Id.* at 329, 96 S.Ct. at 900.

We find that plaintiff has fulfilled the jurisdictional requirement that he present the merits of his claim to the Secretary for decision and that there has, in fact, been a final decision by the Secretary on the merits of plaintiff's claim.

Plaintiff is now before this Court asserting his statutory and constitutional right to a hearing before the Secretary, as well as asserting his right to disability benefits under the facts of this case.

We agree with the Secretary that this Court has no jurisdiction to review the merits of plaintiff's claim for disability benefits because there has been no hearing on the matter. With regard to his claim that he is both constitutionally and statutorily entitled to a hearing, however, we believe the question is whether plaintiff has presented the issue and whether the Secretary has taken a final position on that issue. *See Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 346 (3d Cir.1977). Here, the Secretary has clearly made a final decision both on the merits of plaintiff's claim for disability benefits as well as his claim for a right to a hearing before an ALJ. Plaintiff, therefore, has fulfilled the non-waivable requirement of presenting his case to the Secretary. *See Mathews v. Eldridge, supra; Goins v. Harris,* 487 F.Supp. 1200 (N.D.Iowa 1980).

We find, therefore, that this Court has jurisdiction to review the question whether plaintiff was entitled to a hearing before an ALJ before a final decision on the merits of his claim for disability benefits. We believe that any other conclusion would be contrary to both the spirit and letter of the Social Security Act. Under the Secretary's interpretation, it would have the power to deny a person a hearing, for whatever reason, and that person would not be entitled to any judicial review of that denial. We find that once a person has pursued the question of his right to a hearing through the administrative process, his administrative remedies have been exhausted and he is entitled under § 405(g) to judicial review of his claim for a hearing, which is entirely collateral to his claim for disability benefits.

We believe this conclusion also is in accord with the Regulations issued by the Secretary. Section 416.1461 provides that any party may request review by the Appeals Council of a dismissal of his request for a hearing under Section 416.1450, 20 C.F.R. § 416.1461. Section 416.1470, the section relied on by the Appeals Council in this case, provides that the Appeals Council may deny a request for review. The section further states:

> The decision of the Appeals Council, or the decision of the presiding officer where the request for review of such decision is denied . . ., shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States . . .

This language leads us to conclude that once a party has appealed the dismissal of his request for a hearing, he is, in fact, a "party to a hearing" for purposes of the Regulations and judicial review under 42 U.S.C. § 405(g).

Upon review of the record in this case, we find that the Secretary should have granted a hearing to the plaintiff. It is clear that plaintiff never intended to abandon his right to a hearing but was only confused about the best means to pursue that right. The fact that he did not knowingly abandon his right is evidenced by his prompt appeal of the ALJ's decision dismissing his request for a hearing. Plaintiff, therefore, has the right to a hearing before an ALJ so that he may present the merits of his claim. If plaintiff is indeed disabled and unable to work because of that disability, it would be a grave injustice not to allow him the opportunity to present his claim in a proper fashion.

For the reasons set forth above, this case is remanded to the Secretary for a hearing on the merits of plaintiff's claim.

SO ORDERED.