**Palma BELLANTONI f/b/o Antonio Bellantoni 057–24–8217, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 82 Civ. 2386.**

United States District Court, E.D. New York.

June 30, 1983.

---

Antonio Bellantoni, pro se.

Asst. U.S. Atty. M.A. Mulqueen, E.D. N.Y., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff, *pro se*, brings this action on behalf of her deceased husband, challenging the denial of disability benefits by the Secretary of Health and Human Services (the "Secretary").

The record provided by the defendant reveals the following. The plaintiff's deceased husband applied for benefits which were denied after a hearing before an Administrative Law Judge ("ALJ"). The decision of the ALJ was mailed to the claimant on February 26, 1982. The Regulations of the Secretary provide that a claimant must file a request for review of the decision of the ALJ with the Appeals Council within 60 days after receiving notice of the hearing decision. 20 C.F.R. § 404.968(a). The regulations further provide that this deadline may be extended by the Appeals Council if the claimant demonstrates "good cause for missing the deadline." 20 C.F.R. § 404.968(b). The decision of the ALJ mailed to the claimant informed him of the 60 day requirement, and stated that the notice would be presumed received 5 days after the mailing date, "unless a reasonable showing otherwise is made."

On May 6, 1982, two days after the 60 day deadline had expired, the claimant filed a request for review of the decision with the Appeals Council. The claimant informed the Secretary in his request for review that he had never received the notice informing him that his claim had been denied by the ALJ.

On July 29, 1982, the Appeals Council issued an order of dismissal stating that no good cause to extend the time for filing had been found. The Appeals Council noted: "[T]he notice was sent to the correct address and was not returned to the hearing office by the postal service. The record does not indicate that the claimant had a problem receiving other mail. Accordingly, absent evidence to the contrary, the Council is of the opinion that the claimant's allegation of nonreceipt is not credible." This

action was then commenced by the plaintiff on August 12, 1982.

The Government here argues that since there has been no "final decision" of the Secretary on the merits of the claimant's disability claim, this Court is entirely without jurisdiction to review this matter. Indeed, the Regulations promulgated by the Secretary support this interpretation. *See* 20 C.F.R. § 404.972 ("The dismissal of a request for Appeals Council review is binding and not subject to further review"). Nonetheless, I find this position unpersuasive.

Although it may be argued that there is no reviewable "final decision" of the Secretary on the ultimate issue of disability without a timely request for Appeals Council review, *see* 20 C.F.R. § 404.955[1], it is quite another matter to suggest that the district court has no jurisdiction to review a decision of the Secretary finally denying an application for benefits solely on the basis of a procedural default. To so hold would grant the agency unfettered discretion to arbitrarily deny claims regardless of the asserted justification for the default at issue. Since an individual's interest in disability benefits is protected by the Due Process Clause of the fifth amendment, *see Richardson v. Belcher,* 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971); *Richardson v. Perales,* 402 U.S. 389, 401–2, 91 S.Ct. 1420, 1427–28, 28 L.Ed.2d 842 (1971), such a construction would raise serious constitutional questions.

Accordingly, I find that while there is as yet no reviewable final decision of the Secretary on the issue of the claimant's disability, there is at this time a final decision of the Secretary on the question of whether the plaintiff's request for Appeals Council review was timely. This decision is reviewable under 42 U.S.C. § 405(g), since it represents a final decision of the Secretary on this issue.[2] *See Beckham v. Schweiker,* 557 F.Supp. 137 (S.D.Ohio 1982) (and cases cited therein); *Goins v. Harris,* 487 F.Supp. 1200 (N.D.Iowa 1980). *See also Case v. Califano,* 441 F.Supp. 304 (D.S.C. 1977).[3]

I now turn to the merits of the claim here. The deceased claimant's wife appeared before this Court on the return date of the defendant's motion to dismiss and stated on the record that neither she nor her late husband had received the written decision of the ALJ in this matter, and that she had only learned of the decision upon her own inquiry of the agency as to the

---

1. *See also Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.")

2. Although the final decision of the Secretary on the issue of good cause was not made "after a hearing," the Supreme Court has held that this prerequisite to jurisdiction is waivable. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Since the Secretary chose not to offer the plaintiff a hearing on this issue, I find this jurisdictional prerequisite to have been waived here. *See Beckham v. Schweiker, supra; Goins v. Harris, supra.*

3. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), relied on by the Government, is distinguishable. In *Sanders,* the Supreme Court held that § 405(g) did not provide a grant of jurisdiction to review the Secretary's denial of a claimant's application to reconsider a claim that had been finally denied several years earlier. The Court noted that permitting such jurisdiction "would frustrate the congressional purpose ... to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Id.* at 108, 97 S.Ct. at 986.

Since the claimant here had not received a final decision of the Secretary on the merits of his disability claim so as to permit him to file a timely request for review, this policy factor underlying the *Sanders* decision is not present. Further, unlike *Sanders,* precluding review here would mean that the claimant has been completely denied any access to judicial review of the agency's denial of his claim. The claimant in *Sanders* had been given an opportunity for judicial review but failed to utilize it after the initial final decision denying the claim was entered.

status of her husband's claim. It was after this inquiry that the request for Appeals Council review was made. I found the plaintiff's testimony to be entirely credible, and note that the record provided no evidence, other than the mere presumption of regularity, to suggest that notice had in fact been received by the claimant. I note as well that the claimant had apparently complied with all agency deadlines required to arrive at Appeals Council review.

Title 20 C.F.R. § 404.911(a)(7) provides that in determining whether a claimant has established "good cause" for missing a filing deadline, the Secretary shall consider the fact that the claimant "did not receive notice of the determination or decision." The Secretary here determined that the claimant had failed to establish good cause for his default, finding the claimant's allegations to lack credibility.

■ While the Secretary's factual determinations are entitled to conclusive effect when supported by "substantial evidence," 42 U.S.C. § 405(g), I find that the decision here is not so supported. The Secretary did not conduct any hearing on the issue of good cause, nor did it in any way allow the claimant to appear personally to explain his delay. Rather, the Secretary decided the issue of credibility solely on the basis of the claimant's one paragraph written statement. I find that such a superficial credibility determination on a matter of this grave consequence is not supported by substantial evidence so as to be entitled to a conclusive effect. *Cf. Dopp v. Franklin National Bank,* 461 F.2d 873, 879 (2d Cir.1972) ("Generally, of course, a judge should not resolve a factual dispute on affidavits or depositions, for then he is merely showing a preference for 'one piece of paper to another,'" *quoting Sims v. Greene,* 161 F.2d 87, 88 (3d Cir.1947)).

■ In deference to the Secretary's primary fact finding role, rather than reverse the determination here, I remand this mat-

ter to the agency for a redetermination of the timeliness of the claimant's request for Appeals Council review. The Secretary may either accept my own credibility determination, or it may offer the plaintiff an opportunity for a hearing in order to make its own determination of credibility. Should the Secretary, on remand, enter a final order denying the plaintiff's disability claim, the plaintiff may then obtain review of this decision by the Court.[4]

SO ORDERED.

---

4. As a final matter, I note that even if jurisdiction under § 405(g) were unavailable here, this Court would still have mandamus jurisdiction under 28 U.S.C. § 1361 to correct a gross abuse of discretion. *See Soberal-Perez v. Schweiker,* 549 F.Supp. 1164 (E.D.N.Y.1982) (and cases cited therein).