**Jeffrey CRUMBLE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 83 Civ. 0113.**

United States District Court, E.D. New York.

May 15, 1984.

As Amended May 24, 1984.

Jeffrey Crumble, pro se, and Veronica Chan Yuen, Flushing, N.Y., for plaintiff.

Asst. U.S. Atty. Thomas B. Roberts, E.D. N.Y., Brooklyn, N.Y., for defendant.

MEMORANDUM AND ORDER

GLASSER, District Judge:

Defendant has moved to dismiss this action—an appeal from the termination of disability benefits—for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure (FRCP). Specifically, defendant argues that since plaintiff never received a hearing before an Administrative Law Judge (ALJ), he cannot appeal to this Court for relief. For the reasons set forth herein, defendant's mo-

tion is denied and the case is remanded to the ALJ for further proceedings.

## I. *Background*

On May 27, 1982, the Social Security Administration (SSA) sent plaintiff a notice that his Supplemental Security Income payments were being terminated. Plaintiff received this notice and timely requested a hearing before an ALJ. On July 2, 1982, the ALJ sent plaintiff a notice that a hearing on his claim would be held on August 4, 1982. Plaintiff failed to appear at the hearing or to give any notice or explanation for his nonappearance. Pursuant to 20 CFR 416.1457(b)[1] he was sent, by certified mail, a "Notice To Show Cause" by August 19, 1982 why his request for a hearing should not be dismissed for failure to appear. On August 30, 1982, following plaintiff's failure to respond to this Notice, the ALJ issued an order dismissing plaintiff's request for a hearing. The three notices and the Order of Dismissal were all mailed to plaintiff's address at 80 Monument Walk, Brooklyn, New York, 11205.

Plaintiff timely appealed the dismissal to the Appeals Council, but his request for review was denied on November 8, 1982. In his present appeal to this Court, plaintiff alleges that although he received notification of the termination of his benefits and of the Order of Dismissal, he did not receive the two notices regarding the hearing date. He further alleges that the signature on the return receipt for the certified mail is not his signature. Plaintiff attributes this alleged breakdown in communications to the SSA's omission of the apartment number from the plaintiff's address. Plaintiff alleged at oral argument that he often fails to receive mail that is not specifically addressed to his apartment, and that for this reason he had requested the Social Security office to hold all his mail for pick up.

## *Discussion*

42 U.S.C. § 405(g) provides that district courts shall review "a final decision of the Secretary made after a hearing to which [the plaintiff] was a party ...." That this provision is exclusive of other bases of review is suggested by 42 U.S.C. § 405(h), which states that "[n]o findings of fact or decision of the Secretary shall be reviewed by any person except as herein provided." Since in the present case the decision of the Secretary was *not* made after a hearing to which [the plaintiff] was a party, it is defendant's position that there has been no "final decision" to serve as a jurisdictional predicate for district court review.

Defendant claims support for her interpretation of the Act from *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and *Latona v. Schweiker*, 707 F.2d 79 (2d Cir.1983). In *Sanders*, the Supreme Court held that § 405(g) did not grant a district court jurisdiction to review the Secretary's denial of a claimant's application to reopen a claim where a final decision denying benefits after a hearing to which the plaintiff was a party had been entered several years earlier. The Court reasoned that granting jurisdiction "would frustrate the congressional purpose ... to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." 430 U.S. at 108, 97 S.Ct. at 986. In *Latona*, the plaintiff, also seeking to reopen a prior final decision denying him benefits after a hearing to which he was a party, sought to distinguish *Sanders* because the Secretary did grant Latona a second hearing before deciding not to reopen the case. The Second Circuit found, however, that *Sanders* limited district court jurisdiction under § 405(g) to the review of decisions that are *required* to be preceded by a hearing. 707 F.2d at 81 (citing *Sanders, supra*).

---

1. 20 CFR § 416.1457(b) provides that the ALJ may dismiss a request for a hearing if

    [n]either you nor the person you designate to act as your representative appears at the time and place set for the hearing and—

    (1) Before the time set for the hearing you did not give the administrative law judge a good reason why you or your representative could not appear; or

    (2) Within 10 days after the administrative law judge mails you a notice asking you why you did not appear, you do not give a good reason for the failure to appear.

Prior to the Second Circuit's decision in *Latona,* but after *Sanders,* the courts of this district have asserted jurisdiction in cases almost identical to the one here. In *Rodriguez v. Harris,* 80 Civ. 1102 (E.D. N.Y., July 6, 1981), plaintiff appealed from the Secretary's dismissal of her action, offering proof that she was visiting a sick brother at the time notice of hearing and the Notice To Show Cause were sent to her. In response to the Secretary's contention that the district court did not have jurisdiction to review the Secretary's determination because of the absence of a final decision made after a hearing, Judge Nickerson reasoned that "Congress could hardly have intended to have accorded a claimant judicial review when his right to a hearing is respected but to have withheld review when that right was denied." *Id.,* slip op. at 4. The court therefore concluded that it had jurisdiction to review the dismissal of plaintiff's claim. Finding that the ALJ was aware of the reason for the claimant's absence and that good cause was shown to the ALJ for failing to appear at the hearing, *see infra* note 2, Judge Nickerson ordered the case remanded for scheduling of a de novo hearing. *Rodriguez* was cited favorably in *Granda v. Schweiker,* 81 Civ. 3715 (E.D.N.Y. March 26, 1982), where Judge McLaughlin reached the same result under similar circumstances.[2]

Additional grounds for the assertion of jurisdiction were cited by this Court in *Bellantoni v. Schweiker,* 566 F.Supp. 313 (E.D.N.Y.1983). In *Bellantoni,* the plaintiff failed to appeal the denial of his disability benefits within 60 days after receiving notice of the Appeals Council decision, allegedly because he never received such notice. This court found that "while there is as yet no reviewable final decision of the Secretary on the issue of the claimant's disability, there is at this time a final decision of the Secretary on the question of whether the plaintiff's request for Appeals Council review was timely. This decision is reviewable under 42 U.S.C. § 405(g), since it represents a final decision of the Secretary on this issue." *Id.* at 315.[3] In reach-

---

**2.** Admittedly *Granda* and *Rodriguez* differ from the present case in that in those cases some efforts were made to comply with the requirements of 20 CFR § 404.936, which states that "[t]he administrative law judge may change the time or place for the hearing if [claimant shows] good cause for the change." In *Rodriguez,* plaintiff's representatives contacted the ALJ before the hearing date to explain plaintiff's absence. The court found that "[t]heir failure to respond to a subsequent 'Notice To Show Cause for Failure to Appear' was apparently due to their understanding that the letter sent prior to the hearing satisfied the good cause requirement." Slip op. at 6. In *Granda,* the plaintiff's representative appeared on the scheduled hearing date to explain plaintiff's absence, but the ALJ issued a "Notice To Show Cause" anyway, and eventually dismissed the case.

Here, plaintiff has not made any allegations to suggest that he may technically have complied with 20 CFR § 404.936 since, if his allegations are true, he was not even aware of the need for compliance. For reasons set forth in the balance of my opinion, I have determined that plaintiff is entitled to a limited form of relief under these circumstances. Although *Granda* and *Rodriguez* are not precisely similar to this case, they are nevertheless relevant to the issue of jurisdiction. Both cases stand for the proposition that this Court has jurisdiction to review the dismissal of plaintiff's case despite the absence of an administrative hearing.

**3.** As to § 405(g)'s requirement that there be an administrative hearing prior to judicial review, I observed that "[s]ince the Secretary chose not to offer the plaintiff a hearing on this issue, I find this jurisdictional prerequisite to have been waived here." 566 F.Supp. at n. 2 (citing *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Beckham v. Schweiker,* 557 F.Supp. 137 (S.D.Ohio 1982); *Goins v. Harris,* 487 F.Supp. 1200 (N.D. Iowa 1980)). This reasoning may appear to be undermined by *Latona, supra,* where the plaintiff advanced a similar waiver argument in support of federal court review. In response, the court stated that

[w]hile the Secretary can expand the period of time in which a claimant may seek judicial review of a decision encompassed by section [405(g) ], either by waiving the "finality" requirement, [citing *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18], *supra* ], or by waiving the sixty-day statute of limitations, [citing *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522, *supra* ], the Secretary cannot, by consent or otherwise, create subject matter jurisdiction to review a decision that is not a "final decision made after a hearing" within the meaning of [§ 405(g) ].

ing this result, I distinguish *Sanders* on two grounds. First, I noted that *Sanders* was premised on a concern with frustrating the congressional purpose "to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Sanders, supra,* 430 U.S. at 108, 97 S.Ct. at 986. "Since the claimant [in *Bellantoni* ] had not received a final decision of the Secretary on the merits of his disability claim so as to permit him to file a timely request for review," I reasoned that "this policy factor underlying the *Sanders* decision is not present." 566 F.Supp. at 315 n. 3. Secondly, I noted that "unlike *Sanders,* precluding review here would mean that the claimant has been completely deprived of any access to judicial review of the agency's denial of his claim." *Id.* The claimant in *Sanders* had been given an opportunity for judicial review but had failed to utilize it.

Having asserted jurisdiction in *Bellantoni* for the narrow purpose described above, I determined that since the Secretary did not conduct any hearing on the issue of "good cause," the dismissal of the claim was not supported by substantial evidence. *Id.* at 315. While I indicated that I found claimant's explanation to be entirely credible and would constitute "good cause," I remanded the case to the Secretary because the issue of credibility was his to resolve. *Id.*[4]

I find that the views expressed in *Bellantoni* as to both the jurisdictional and remedial issues are as applicable here in distinguishing *Latona* as they were in distinguishing *Sanders.* By reviewing the decision to dismiss plaintiff's case without a hearing, this Court does not in any way permit plaintiff to circumvent any procedural steps required by the Act or its regulations. Moreover, if the exercise of the limited scope of jurisdiction asserted in *Bellantoni* were withheld, claimant would here be denied access to any judicial review of the dismissal of his claim.

Accordingly, I have reviewed plaintiff's asserted explanation for missing his hearing and the deadline for responding to the "Notice To Show Cause," and am now di-

707 F.2d at 81.

I find the present case to be distinguishable from *Latona* for the following reasons. First, the hearing allegedly waived in *Latona* was one specifically mandated by the Social Security regulations as a prerequisite to judicial review. Therefore, the court's concern with bypassing legislated procedures was evident. Under the circumstances alleged here, however, there are no promulgated procedures enabling plaintiff to explain his failure to appear at the hearing and to respond to the Notice to Show Cause. The Secretary's waiver here is thus of an entirely different nature, and does not raise the concerns underlying *Latona.*

Secondly, as indicated in the text, the present case raises due process concerns that are not present in *Latona,* since a literal reading of § 405(g) would deny plaintiff judicial review without even the benefit of a hearing at the administrative level. Such concerns are avoided if the absence of any administrative procedures for hearing plaintiff's explanations for his failure to appear is interpreted as a waiver of a hearing for the limited purpose of establishing § 405 jurisdiction on the "good cause" issue.

**4.** Plaintiff argues that my reliance on *Bellantoni* is improper, given the Second Circuit's affirmance, without opinion, of *Maloney v. Harris,* 526 F.Supp. 621 (E.D.N.Y.1980), *aff'd,* 657 F.2d 264 (2d Cir.1981). In *Maloney,* the district court

dismissed, on jurisdictional grounds, an appeal from the decision of the Appeals Council, which dismissed the claim "for failure to file timely *... and for failure to show good cause* why time to seek review should be extended or why the claim should be reopened." *Id.* at 622 (emphasis added). The case did not clarify the issue addressed in *Bellantoni,* namely, whether the "good cause" determination by the Appeals Council can be reviewed under a "substantial evidence" standard. This issue was avoided, since the district court found that "apparently" there was "no good cause to extend the time to review the ALJ's decision." *Id.*

*Maloney* does stand for the proposition that where the plaintiff has failed to timely file with the Appeals Council without good cause, the "court is without jurisdiction to reconsider the *ALJ*'s determination." *Id.* (emphasis added). This holding is based on the same concerns expressed in *Sanders, supra,* and *Latona, supra,* with hearing appeals before administrative procedures are exhausted. The decision does not reach the holding and reasoning in *Bellantoni* that, given the absence of exhaustion concerns in that case, jurisdiction was available to review the Appeal Council's determination as to whether "good cause" existed for plaintiff's failure to timely appeal. For similar reasons, *Maloney* does not impinge on the assertion of jurisdiction here, or in *Rodriguez* and *Granda, supra.*

recting the ALJ to accord claimant an opportunity to substantiate his explanation at the agency level. To hold otherwise would be effectively to nullify the purpose of the ten day "Notice To Show Cause" in Mr. Crumble's case, since it would deny any opportunity, *on notice*, to provide an explanation for his failure to appear for a hearing on August 4, 1982. This order will serve to restore that opportunity to plaintiff, as called for by both the spirit of the Social Security Regulations and fundamental notions of due process.