**Julian FRANCISCO, Plaintiff,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. CIV.A. H–03–2513.**

United States District Court, S.D. Texas, Houston Division.

Sept. 21, 2004.

---

William C Herren, Herren Law Office, Houston, TX, for Julian Francisco, Plaintiff.

Cheryl Latrice Chapman, Office of the General Counsel, Social Security Admin, Dallas, TX, for Jo Anne B Barnhart Commissioner of Social Security, Defendant.

## MEMORANDUM AND ORDER

HOYT, District Judge.

On August 31, 2004, Magistrate Judge Calvin Botley issued a Memorandum and Recommendation, suggesting that Plaintiff Julian Francisco's ("Francisco") Motion for Summary Judgment [Doc. # 9] be granted, that Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("Commissioner"), Motion for Summary Judgment [Doc. # 10] be denied, and that the case be reversed and remanded, pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to the Commissioner for a "good cause" hearing before an ALJ, concerning Francisco's failure to appear at the cessation of benefits hearing on January 16, 1998.

This Court has reviewed the Memorandum and Recommendation [Doc. # 13], noting that no objections have been filed, and the pleadings filed by the parties. It is, therefore,

**ORDERED** that the Memorandum and Recommendation is **ADOPTED** as this Court's Memorandum and Order. It is further

**ORDERED** that Francisco's Motion for Summary Judgment [Doc. # 9] is **GRANTED**. It is further

**ORDERED** that the Commissioner's Motion for Summary Judgment [Doc. # 10] is **DENIED**. It is further

**ORDERED** that the case is **REVERSED** and **REMANDED**, pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to the Commissioner for a "good cause" hearing before an ALJ, concerning Francisco's failure to appear at the cessation of benefits hearing on January 16, 1998. It is finally

**ORDERED** that this matter be **DISMISSED** from the dockets of this Court.

### *FINAL JUDGMENT*

In accordance with the Memorandum and Order issued this day, it is hereby

**ORDERED** that Francisco's Motion for Summary Judgment [Doc. # 9] is **GRANTED**. It is further

**ORDERED** that the Commissioner's Motion for Summary Judgment [Doc. # 10] is **DENIED**. It is further

**ORDERED** that the case is **REVERSED** and **REMANDED**, pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to the Commissioner for a "good cause" hearing before an ALJ, concerning Francisco's failure to appear at the cessation of benefits hearing on January 16, 1998. It is finally

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

This is a **FINAL JUDGMENT**.

## MEMORANDUM AND RECOMMENDATION

BOTLEY, United States Magistrate Judge.

Pending before the Court are Plaintiff Julian Francisco ("Francisco") and Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("Commissioner"), cross-motions for summary judgment. Francisco appeals the dismissal by an Administrative Law Judge ("ALJ") of his claim for disability benefits, claiming that he was denied his right to due process because he was not given notice of the hearing. The Commissioner contends that the Court lacks jurisdiction to review the dismissal. Having reviewed the pending motions, the submissions of the parties, the pleadings, and the applicable law, it is recommended that Francisco's Motion for Summary Judgment (Docket Entry No. 9) be granted, the Commissioner's Motion for Summary Judgment (Docket Entry No. 10) be denied, and the ALJ's decision dismissing Francisco's claim for disability benefits be reversed and the case be remanded pursuant to sentence four to the Social Security Administration ("SSA") for further proceedings.

### I. *Background*

In 1991, Francisco was found to be disabled by ALJ William Napier, based upon an onset date of July 18, 1989. *See* Docket Entry No. 9, at Attachment 1, pp. 1–10. In 1996, the SSA reviewed Francisco's claim and advised him that his benefits would be terminated because of medical improvement; this decision was upheld by a disability hearing officer in April 1996.

(*See id.*, at Attachments 2 and 3, pp. 11–19). Francisco timely appealed that decision on May 31, 1996, requesting a hearing before an ALJ. (*See id.*, at Attachment 4, p. 20).

ALJ Donald Willy ("ALJ Willy") scheduled a hearing for May 15, 1997. *See id.*, at Attachment 5, p. 21. The notice of hearing was mailed to Francisco at 6400 W. Bellfort, # 1003, Houston, Texas 77035. *See id.* Francisco missed the hearing, but it was excused by the ALJ. *See id.*, at Attachment 6, p. 24. Francisco missed a second hearing on August 13, 1997, but this also was excused by the ALJ. *See id.* On December 16, 1997, a notice of hearing allegedly was sent to Francisco, announcing that a hearing had been scheduled before ALJ Willy for January 16, 1998.[1] *See id.*

A hearing before ALJ Willy was held, as scheduled, on January 16, 1998. *See id.*, at Attachment 6, pp. 22–25. Francisco, who was *pro se*, failed to appear at the hearing. *See id.* In a decision dated February 27, 1998, the ALJ dismissed Francisco's case, finding no good cause for his failure to appear. *See id.* The ALJ noted in his decision that "[w]e attempted to contact you in order to determine your extension, but were not successful." *See id.* The typed address on the Notice of Dismissal was to Francisco at 9109 Fondren, Apt. 914, Houston, Texas 77074; however, a handwritten notation on the notice provided, "6400 W. Belfort # 929, 77035–3742."[2] *See id.* at p. 22.

On March 31, 1998, Francisco (through counsel retained on March 27, 1998) wrote ALJ Willy a letter, requesting that the

---

1. The parties have not submitted the notices sent by the SSA for the August 13, 1997, or January 16, 1998, hearings. Thus, the address to which the notices were mailed is not known.

2. The origin of the handwritten address is not known.

dismissal be vacated because Francisco did not receive notice of the hearing. *See id.,* at Attachment 7, pp. 31–32. The letter advised the ALJ that between May and November 1997, Francisco had moved four times, but had allegedly always telephoned the SSA and, in December 1997, gave an SSA employee named "Carla" his new address—6400 W. Belfort, # 929. *See id.* The letter further alleged that staff at the Office of Hearings and Appeals had determined that the notice of hearing was mailed to 9109 Fondren, # 914. *See id.* Thus, Francisco argued that failing to receive the notice of hearing constituted good cause for not appearing at the hearing. *See id.* There is nothing in the record indicating that Judge Willy ruled on Francisco's request to vacate.

On April 1, 1998, Francisco requested review of the ALJ's dismissal to the Appeals Council of the SSA's Office of Hearings and Appeals. *See id.,* at Attachment 8, p. 33.

While the request for review was pending, Francisco protectively filed on September 20, 1999, new applications for disability benefits under Titles II and XVI of the Social Security Act, alleging a disability onset date of May 1, 1996. The SSA denied these applications initially and again on reconsideration. (R. 5, 79). Francisco requested a hearing before an ALJ, which occurred before ALJ Paul W. Schwarz on November 15, 2000. (R. 22–53). During this hearing, counsel for Francisco noted the dismissal of the hearing request in 1998, asserting that Francisco did not receive notice of the hearing, but counsel did not request that ALJ Schwarz revise the 1998 dismissal. (R. 26). After the hearing, Francisco requested by letter to ALJ Schwarz that his alleged onset date be amended to July 18, 1989; he made no mention of the 1998 dismissal in this letter. (R. 77–78). In a decision dated March 6, 2001, the ALJ found that Francisco had been disabled since May 1, 1996, the onset date alleged in Francisco applications, and awarded disability benefits based upon Francisco's 1999 applications. (R. 17–20). With regard to his request for a 1989 onset date, the ALJ found that Francisco had not presented any new and material evidence with his pending application to justify the reopening and revising the previous cessation; thus, the ALJ found that the previous disability cessation remains final and binding. (R. 17). On March 6, 2001, Francisco appealed ALJ Schwarz' decision to the Appeals Council. (R. 12).

On February 19, 2003, Francisco sent a letter to the SSA seeking a status report on the appeal filed on April 1, 1998, seeking review of ALJ Willy's dismissal. *See* Docket Entry No. 9, at Attachment 9, pp. 34–35. There is nothing in the record indicating that the Appeals Council rendered a decision on Francisco's request for review of ALJ Willy's 1998 dismissal.

On May 22, 2003, the Appeals Council denied Francisco's request for review of ALJ Schwarz' decision dated March 6, 2001. (R. 7–10). This rendered ALJ Schwarz' opinion the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000).

Francisco filed the instant action on July 10, 2003. *See* Docket Entry No. 1. A certified copy of the transcript of the 2001 hearing before ALJ Schwarz was filed by the Commissioner. *See* Docket Entry No. 3. Francisco has submitted in connection with a motion for summary judgment, nine attachments, consisting of thirty-five pages, some of which pertain to the matter before ALJ Willy. *See* Docket Entry No. 9. In the Commissioner's motion for summary judgment, the Commissioner cites to the attachments provided by Francisco;

however, the Commissioner has failed to provide any certified or additional documents regarding the matter before ALJ Willy. *See* Docket Entry No. 11.

In Francisco's summary judgment motion, he asserts that he was denied his right to due process of law because he was not given effectual notice of the hearing before ALJ Willy.[3] *See* Docket Entry No. 9. The Commissioner contends in her motion for summary judgment that the dismissal of a request for hearing does not constitute a "final decision" of the Commissioner conferring jurisdiction on this Court. *See* Docket Entry No. 11. Although the Commissioner acknowledges that Francisco may obtain review of the 1998 dismissal by establishing a colorable constitutional claim, the Commissioner submits that Francisco have failed to present such a claim in this case. *See id.* The Commissioner argues, albeit implicitly, that the SSA's lack of recognition of a change of address does not rise to the level of a due process violation. *See id.*

## II. *Analysis*

The threshold issue is whether or not the Court has subject matter jurisdiction to review the February 1998 dismissal by ALJ Willy.

### A. *Subject Matter Jurisdiction*

Section 405, the provision of the Social Security Act authorizing and limiting judicial review, provides in pertinent part:

(g) Judicial review

Any individual, after any *final decision* of the Commissioner of Social Security

made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. § 422.210; *Brandyburg v. Sullivan,* 959 F.2d 555, 558 (5th Cir.1992). "The term 'final decision' is not only left undefined by the Act, but its meaning is left up to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (citing 42 U.S.C. § 405(a)).

Under the applicable regulations, a claimant must complete a four step process in order to obtain a final decision and qualify for judicial review. The steps are:

(1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in §§ 404.902, 416.1402, that gives you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council Review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

---

**3.** Although Francisco concedes that the Appeals Council has taken no action on his request for review, he argues that the Appeals Council has waived further review by it decision dated May 22, 2003—declining to review ALJ Schwarz' 2001 decision. Francisco expressly states, however, that he "is not requesting this Court to review Judge Schwarz' decision to not reopen the previous cessation of benefits decision. Francisco is requesting this Court to review Judge Willy's dismissal of his Request for Hearing in that such dismissal was without effective notice to him." *See* Docket Entry No. 9, at p. 3.

(5) Federal Court Review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in Federal district court.

20 C.F.R. §§ 404.900(a), 416.1400. At step three of the above process, an ALJ may dismiss a request for hearing if the person requesting the hearing or their representative does not show up at the hearing, and the ALJ does not find "good cause" for their failure to appear. *See* 20 C.F.R. §§ 404.957(b)(1), 416.1457(b)(1). "In determining good cause or good reason" the ALJ "will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which [an applicant] may have." 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2).

■ The Fifth Circuit has held that a dismissal by an ALJ for failing to appear at an administrative hearing is not a "final decision" under 42 U.S.C. § 405(g) and, thus, is not subject to judicial review. *See Brandyburg*, 959 F.2d at 560. Thus, if an ALJ dismisses a hearing for failure to appear, a district court is deprived of jurisdiction to review the ALJ's dismissal. *See id.* at 561. The finality requirement of 42 U.S.C. § 405(g), however, does not preclude judicial review if an applicant brings a constitutional question. *See Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *see also Vargas v. Barnhart*, No. 03–51404, 101 Fed.Appx. 989, 990 (5th Cir.2004) (district court had jurisdiction to consider plaintiff's petition for judicial review because plaintiff raised a colorable constitutional claim).

## B. *Procedural Due Process*

■ "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 331, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In a social security context, a notice that fails to inform a claimant of material factors that could lead to an unfavorable decision violates procedural due process. *See Harris v. Callahan*, 11 F.Supp.2d 880, 883 (E.D.Tex.1998). The social security regulations contemplate administrative hearings that satisfy procedural due process requirements. Indeed, regulations 404.938 and 416.1438 provide, in pertinent part:

Issuing the notice. After the administrative law judge sets the time and place of the hearing, we will mail notice of the hearing to you at your last known address, or give the notice to you by personal service, unless you have indicated in writing that you do not wish to receive this notice. The notice will be mailed or served at least 20 days before the hearing.

\* \* \* \* \* \*

Acknowledging the notice of hearing. The notice of hearing will ask you to return a form to let us know that you received the notice. If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation. If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail.

20 C.F.R. §§ 404.938; 416.1438. Several courts have found a colorable constitutional claim where a claimant asserts that he did not respond on time because he never received notice from the SSA. *See e.g., Penner v. Schweiker*, 701 F.2d 256 (3d

Cir.1983) (where mentally ill claimant sought an ALJ hearing too late because notice had been sent only to him and not to his attorney, claimant presented a colorable constitutional claim and the Circuit reversed the district judge's order of dismissal for lack of jurisdiction and remanded to SSA for a "good cause" determination); *Giacone v. Schweiker*, 656 F.2d 1238 (7th Cir.1981) (where *pro se* claimant failed to file his request for reconsideration on time and ALJ found no "good cause" for the tardiness and (1) claimant was never informed and never knew that "good cause" determination was being made, and (2) the "fabian tactics" of the local SSA office with respect to claimant probably provided a "good cause" story that the ALJ never heard, a remand to SSA was ordered for a new "good cause" determination); *Aponte v. Sullivan*, 823 F.Supp. 277 (E.D.Pa.1993) (SSA's application of *res judicata* to bar claimant's subsequent claim, where notice may have been defective, presented a colorable constitutional claim, and court ordered parties to more fully brief the due process issue); *Bellantoni v. Schweiker*, 566 F.Supp. 313 (E.D.N.Y. 1983) (where claimant argued that his appeal was late because he never received the ALJ's determination, court remanded for a "good cause" hearing).

■ Applying these principles to the instant case, the undisputed evidence demonstrates that notice of the cessation hearing before a disability hearing officer was sent to Francisco on March 19, 1996, to 6400 W. Bellfort, # 1003. *See* Docket Entry No. 9, at Attachment 2, p. 11. Francisco received that notice and attended the hearing. *See id.* After receiving an unfavorable decision from the disability hearing officer, Francisco requested a hearing before an ALJ; the address he provided for himself in that request was 6400 W. Bellfort. *See id.*, at Attachment 4, p. 20. The notice dated April 16, 1997, announc-

ing a hearing before ALJ Willy on May 15, 1997, was sent to 6400 W. Bellfort, # 1003. *See id.*, at Attachment 5, p. 21. This notice is not part of the record before the Court. The most pertinent notice of hearing—*i.e.*, the notice announcing the January 1998 hearing—is not provided by either party as part of the record. In his Order of Dismissal and List of Exhibits, ALJ Willy referenced a notice as being sent on December 16, 1997. *See id.*, at Attachment 6, pp. 24, 26. The Notice of Dismissal sent by ALJ Willy was addressed to 9109 Fondren, # 914. *See id.* Francisco, however, had moved in November 1997, from 9109 Fondren, # 914 to 6400 W. Bellfort, # 929. *See id.*, at Attachment 7, p. 32. As noted, *supra,* there was a handwritten notation on the Notice of Dismissal of 6400 W. Bellfort, # 929, but the origin of the notation is unknown to the Court. Francisco does not deny that a notice was sent to him but he asserts that the notice was sent to the wrong address and that he did not receive it. *See* Docket Entry No. 9, at p. 3.

Here, Francisco has an underlying due process right to effective notice concerning his social security benefits; therefore, he also has a constitutionally protected right to due process in the determination of whether he received effective notice. Based on this limited record evidence, the Court is unable to discern whether the notice announcing the January 16, 1998 hearing was provided to Francisco at his correct address. The Commissioner has failed to produce the December 16, 1997 Notice of Hearing announcing the January 16, 1998 hearing before ALJ Willy. Similarly, the Commissioner has not presented an acknowledgment of receipt form completed by Francisco pertaining to the notice of hearing or an amended notice that was sent by certified mail. *See* 20 C.F.R. §§ 404.938(c); 416.1438(c). Additionally, the Commissioner has failed to submit any

telephone log notes of the SSA, reflecting that Francisco had or had not telephoned the SSA with a change of address in December 1997, or that the SSA had attempted to contact or had spoken with Francisco prior to the January 16, 1998 hearing before ALJ Willy. Moreover, because the Notice of Dismissal dated February 27, 1998, had an incorrect typed address for Francisco and the origin of the handwritten correct address is unknown, a question of fact arises as to which address the Notice of Hearing was sent to in December 1997.

As such, Francisco has sufficiently established a colorable constitutional claim that his right to due process of law was violated which subjects this matter to judicial review.[4] *See Califano,* 430 U.S. at 107–09, 97 S.Ct. 980. Accordingly, the case must be remanded for a "good cause" hearing before an ALJ, concerning Francisco's failure to appear at the cessation of benefits hearing on January 16, 1998.

### III. *Conclusion*

Accordingly, it is

**RECOMMENDED** that the Francisco's Motion for Summary Judgment (Docket Entry No. 9) be **GRANTED**. It is further

**RECOMMENDED** that the Commissioner's Motion for Summary Judgment (Docket Entry No. 10) be **DENIED**. It is further

**RECOMMENDED** that the case be **REVERSED** and **REMANDED**, pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to the Commissioner for a "good cause" hearing before an ALJ, concerning Francisco's failure to appear at the cessation of bene-

fits hearing on January 16, 1998. It is finally

**RECOMMENDED** that this matter be **DISMISSED** from the dockets of this Court.

The Clerk shall send copies of the Memorandum and Recommendation to the respective parties. The parties have ten (10) days from receipt to file specific, written objections to the Memorandum and Recommendation. *See* FED. R. CIV. P. 72. Absent plain error, the failure to file objections bars an attack on the factual findings, as well as the legal conclusions, on appeal. The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208–1010. Copies of the objections must be mailed to the opposing party and to the chambers of the magistrate judge, P.O. Box 610205, Houston, Texas 77208–0070.

Aug. 30, 2004.

---

4. Contrary to the Commissioner's assertion, Francisco has shown prejudice in not receiving the notice of hearing, as his case was dismissed for failure to appear and the substantive merits of the cessation of benefits was not considered. The Commissioner's citation to *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir.1996) is inapposite because that case, unlike Francisco's, was decided after a full hearing and substantial evidence was found to support the ALJ's decision.