

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# DeLeon v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4213

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"DeLeon v. Comm Social Security" (2006). *2006 Decisions.* Paper 591.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/591

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4213

———————

BROOKE DELEON,
                                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-04795
District Judge:  The Honorable William H. Walls

———————

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2006

———————

Before: BARRY, VAN ANTWERPEN and SILER,[*] Circuit Judges

———————

(Opinion Filed:  August 15, 2006)

———————

OPINION

———————

_____

   [*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals
for the Sixth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Brooke DeLeon appeals an order of the District Court affirming the Social

Security Administration's ("SSA") denial of her untimely request for a hearing to

challenge its decision denying her benefits. The District Court held that the

Administrative Law Judge ("ALJ") correctly found that no "good cause" existed for the

untimely request. For the reasons that follow, we will reverse and remand to the District

Court with instructions to remand to the SSA for purposes of granting plaintiff a hearing.

**I.**

Brooke DeLeon ("Brooke") is 17 years old, and suffers from a psychiatric

condition. In 1995, the SSA determined that she was "disabled" as defined by the Social

Security Act,[1] and awarded her Supplemental Security Income ("SSI") benefits. In 1997,

Brooke's mother, Karen DeLeon ("DeLeon"), received a letter from the SSA stating that

it intended to reevaluate whether Brooke remained disabled. After an examination, the

SSA informed DeLeon that Brooke was no longer disabled and, therefore, would no

longer receive benefits. DeLeon moved for reconsideration of the SSA's decision. *See*

20 C.F.R. § 404.907.

Brooke's SSI benefits continued pending reconsideration until a monthly check

failed to arrive on May 1, 1999. DeLeon called the SSA, and was told "to wait until the

end of the month and if I didn't get anything to call back." (T. 21.) She waited, and

---

[1] *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 404.1520.

when no check arrived, she again called the SSA. This time, she was told that her motion for reconsideration had been denied, and that Brooke would no longer be receiving SSI benefits. She was also told, and the SSA contends before us, that on "April 1, 1999 the Agency sent a notice that found the initial cessation was correct and informed DeLeon that she had 60 days from receipt to request a hearing to challenge that determination." (Appellee's Br. 5; *see also* T. 21.) DeLeon asserts that she never received this notice. The SSA concedes that neither a copy of this notice, nor any proof of its mailing, appears in the record.

Upon learning of the adverse decision, DeLeon testified that she twice filed the forms necessary to request a hearing before an ALJ—once in mid-July, and again in August 1999—only to have the SSA lose her forms both times. After filing a third request for a hearing, Brooke's SSI payments were restarted, and they continued until May 2001 when the request was denied. In his opinion of May 22, 2001, the ALJ found, without citation, that "[t]he claimant was sent notice of the reconsidered determination in this case on April 1, 1999." (T. 121.) He also found that DeLeon did not file her request for a hearing until August 17, 1999. He therefore denied the request because DeLeon failed to file "within 60 days of the date . . . the notice of determination was received," without good cause.[2] *Id*.

---

[2] SSA regulations provide that a request for a hearing must be received "[w]ithin 60 days after the date [the claimant] receive[s] notice of the previous determination or decision." 20 C.F.R. § 404.933(b)(1). An extension of the initial 60 days "will" be granted,

3

DeLeon appealed. On September 26, 2001, the Appeals Council vacated the ALJ's order. It found that because "it does not appear that explanations why the requests for hearing were untimely filed were ever obtained," the ALJ's "finding that there was not good cause for late filing of the request for hearing is not based on substantial evidence."[3] (T. 126.)

On remand, the ALJ held a hearing on the issue of good cause at which DeLeon testified that she never received the April 1, 1999 notice.[4] Her attorney observed that the SSA should have a copy of the April 1, 1999 notice to demonstrate that it was sent to the correct address, but that a copy "is not in the file." (T. 35.)[5]

Nevertheless, on February 13, 2002, the ALJ, again without citation, found that DeLeon was sent "notice of the reconsidered determination in this case on April 1, 1999." (T. 9.) He further found that this notice advised her that she must file a request for a hearing within 60 days of the date of receipt of the notice, and concluded that good cause

however, if a claimant can show "good cause for missing the deadline." 20 C.F.R. § 404.933(c).

[3] The Appeals Council also pointed out the ALJ overlooked the fact that DeLeon's first hearing request was filed on July 16, 1999, not August 17, 1999. The error was not dispositive, however, because both dates are 60 days after April 1, 1999.

[4] The failure to "receive notice of [an SSA] determination or decision" is a "circumstance[] where good cause may exist." 20 C.F.R. § 404.911(b)(7).

[5] The ALJ noted that DeLeon's case file had been "misplaced" and was being reconstructed. While "the reconstructed file has a lot of procedural documents," the ALJ said, "it has no medical evidence in it." (T. 16.) Apparently, the April 1, 1999 notice was not a part of the reconstructed file.

did not exist for not having done so, dismissing DeLeon's request a second time. "[I]t strains credibility," the ALJ wrote, "that the claimant could get all of her other mail, including monthly checks from Social Security until they were ceased," yet not receive the April 1, 1999 notice. (T. 10.)

DeLeon appealed to the Appeals Council, which denied her request for review on August 1, 2002. She then filed suit on behalf of Brooke in the United States District Court for the District of New Jersey, alleging that Brooke's due process rights had been violated. On July 18, 2005, the District Court affirmed the SSA's decision. DeLeon filed this timely appeal.[6]

## II.

Under section 205(g) of the Social Security Act, federal courts only have jurisdiction to review a "final decision" of the SSA. 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). A pre-hearing dismissal by the Appeals Council of an untimely request for a hearing, such as the one before us, is not a "final decision" under section 205(g). *Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992); *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir. 1983). This jurisdictional bar does not apply, however, where the claimant raises a "colorable constitutional claim." *Bacon*, 969 F.2d at 1521. As the Supreme Court explained, such claims are "unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the

---

[6] We have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291.

decision of such questions." *Sanders*, 430 U.S. at 109.

DeLeon alleges that the SSA violated Brooke's due process rights by failing to notify her of its determination on reconsideration, thus denying her an opportunity to file a timely request for a hearing. An individual's interest in the continued receipt of social security benefits is a statutorily created property interest protected by the Due Process Clause of the Fifth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). An allegation that an individual has "been denied due process of law by not receiving effective notice of [an SSA] reconsideration determination" raises a colorable constitutional issue "sufficient to confer jurisdiction on the district courts to review the [SSA's] denial of [the plaintiff's] request for a hearing." *Penner*, 701 F.2d at 260-61.[7] Accordingly, the District Court properly found that it had jurisdiction to address DeLeon's due process claim.

After finding that it had jurisdiction, the District Court held that substantial evidence supported the ALJ's determination that DeLeon's testimony was incredible. We review the District Court's decision de novo. *See*, *e.g.*, *Burnett v. Comm'r*, 220 F.3d 112, 118 (3d Cir. 2000). "The findings of the Commissioner of Social Security as to any fact,

---

[7] *See also Banks v. Chater*, 949 F. Supp. 264, 268 (D.N.J. 1996) (stating that courts "have found a colorable constitutional claim . . . where a plaintiff asserts that he did not respond on time because he never received notice from the SSA"); *Aponte v. Sullivan*, 823 F. Supp. 277, 282 (E.D. Pa. 1993) (finding a colorable due process claim where the SSA may have failed to adequately notify claimant that res judicata could bar a subsequent claim).

6

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

Substantial evidence requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (internal quotations omitted).

We disagree with the District Court. The Court accepted as fact that "[o]n April 1, 1999, the claimant was sent notice of a reconsideration determination of Plaintiff's SSI benefits status," citing only the ALJ's February 13, 2002 statement to that effect as authority. (App. 2.) As noted above, the ALJ never identified the source of his knowledge for this fact, despite its disputed nature and despite the ALJ's apparent acknowledgment that a copy of the notice was not in the case file before him. Indeed, the record before us is devoid of evidence that the April 1, 1999 notice ever existed. Nevertheless, the ALJ found DeLeon's testimony that she never received the notice was incredible simply because she was able to "get all of her other mail." (T. 10.)

We find persuasive a similar case from the Eastern District of New York, where the District Court vacated an Appeals Council decision finding that a claimant failed to demonstrate good cause for filing a late request for review because her testimony was incredible. *Bellantoni v. Schweiker*, 566 F. Supp. 313 (E.D.N.Y. 1983). There, as here, the claimant testified that she never received notice of the ALJ's prior decision, and only learned that her case has been decided by calling the SSA herself. *Id*. at 315-16. Also as here, the record there "provided no evidence, other than the mere presumption of

7

regularity, to suggest that notice had in fact been received by the claimant." *Id*. at 316.

Just as the ALJ did here, the Appeals Council in that case found that notice had been sent

and received, and that the claimant's testimony was incredible because the "record d[id]

not indicate that [she] had a problem receiving other mail." *Id*. at 314. The District Court

found this adverse credibility determination—which was performed without the benefit of

a good cause hearing—to be "superficial," and remanded for further fact finding "[i]n

deference to the [SSA's] primary fact finding role." *Id*. at 316.

There has been a good cause hearing here with the ultimate finding of fact clearly

erroneous and the adverse credibility determination not supported by substantial evidence.

Thus, we will reverse the decision of the District Court, and remand this case to the

District Court for remand to the SSA with instructions to grant DeLeon's request for a

hearing. *See* 42 U.S.C. § 405(g).[8]

---

[8] Under 42 U.S.C. § 405(g) this Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."